764 P.2d 441

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry Henry KNAUFF, Defendant–Appellant.**

**No. 16790.**

Court of Appeals of Idaho.

Oct. 31, 1988.

Thomas W. Callery of Brower & Callery, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Larry Knauff appeals from a judgment of conviction on two counts of conspiracy to commit grand theft and for being a persistent violator. Knauff has raised several substantial questions about the fairness of his trial. However, the dispositive issue on appeal is whether the state has shown good cause for its failure to bring

Knauff to trial within the time period required by statute. Because we believe that good cause for delay was not shown, we vacate the judgment of conviction.

In a complaint filed April 29, 1985, Knauff was charged with two counts of grand theft and two counts of conspiracy to commit the crime of grand theft in Nez Perce County, Idaho. The complaint was later amended to add burglary. The charges were based on two thefts of property from an agricultural chemical dealer near Lewiston, Idaho in the spring of 1984.

Knauff, who was incarcerated in the state of Washington, was transferred to Idaho on June 2, 1986 to face the theft-related charges. After a preliminary hearing Knauff pled not guilty to all counts. Trial was set for September 8, 1986. In August the court granted the state's motion for a continuance and set a new trial date for October 6. The state filed a second motion for a continuance in early September; this motion, like the first one, was granted over Knauff's objections. The trial date was moved to November 3. At trial a jury found Knauff guilty on all five counts and also found him to be a persistent violator under I.C. § 19-2514. However, the judgment signed by the court convicted Knauff of only the two conspiracy counts. The court sentenced Knauff, as a persistent violator, to one indeterminate term of thirty years for these two felonies. The sentence was to run concurrent with sentences Knauff was serving in the State of Washington.

On appeal, Knauff contends that he was denied his right to a trial within the 120-day time period required by I.C. § 19-5001. This statute sets forth the text of the Interstate Agreement on Detainers. Subsection (d)(3) contains a time requirement applicable when a prisoner incarcerated in another jurisdiction is by written request of Idaho authorities delivered into the temporary custody of an Idaho authority for resolution of a pending indictment, information or complaint. Subsection (d)(3) provides:

In respect of any proceeding made possible by this paragraph, trial shall be commenced within one hundred twenty (120) days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Under I.C. § 19-5001, the trial of the prisoner must be within 120 days unless a "good cause" showing for a necessary or reasonable continuance has been made. Knauff was brought to Nez Perce County from the Washington State Penitentiary on June 2, 1986. Under the statute, the state was required to bring him to trial no later than October 1. The trial did not take place until November 3, 1986, thirty-three days past the deadline. The burden to establish "good cause" for this delay is on the state, just as the primary responsibility for bringing a case to trial is upon the state. *State v. Hobson*, 99 Idaho 200, 579 P.2d 697 (1978). Absent a showing of "good cause" for the delay, denial of the right to have the trial within the mandatory time requirements results in dismissal of the action.

[I]n the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in subsections (c) or (d) of this section, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

I.C. § 19-5001(e)(3).

Our previous decisions regarding "good cause" for delay of trial have involved the general six-month trial time requirements of I.C. § 19-3501. That section gives rise to a separate right supplemental to the constitutional "speedy trial" right guaranteed by the sixth amendment to the United States Constitution and by article 1, section 13 of the Idaho Constitution. *State v. Hobson, supra.* Idaho Code § 19-5001 provides for a similar distinct statutory right, this one dealing specifically with those par-

ties subject to the Interstate Agreement on Detainers.

The determination of "good cause" for a delay of trial is initially a matter for the discretion of the trial court. Good cause for delay is determined upon the facts and circumstances of each case. We exercise independent review of the district court's decision. *State v. Stuart*, 113 Idaho 494, 745 P.2d 1115 (Ct.App.1987).

It has been suggested that our review of "good cause" invokes the factors enumerated in the case of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These include the length of the delay, the reasons for the delay, the accused's assertion of his right, and the prejudice occasioned by the delay. However, the *Barker* analysis was adopted to determine "good cause" under a violation of the constitutional right to a speedy trial. *State v. Hobson, supra.* Knauff no longer asserts a constitutional violation. He has elected to appeal only the alleged violation of his right to a trial within the statutory time limits under I.C. § 19–5001. An analysis of a violation of the narrowly defined statutory right does not require an application of the broad *Barker* factors. *State v. Hobson, supra.*

As previously noted, in late August the state moved to postpone the trial set for September 8. Knauff's counsel objected. He noted the time which had elapsed since the complaint was filed. He argued that "Mr. Knauff's rights to a speedy trial would be denied further by the continuance, that the Idaho Detainer Act would be possibly violated by a continuance, that this matter has been pending since June when a preliminary hearing was held." The court, indicating that the trial would "still [be] within the time frames imposed by statute," reset the trial for October 6. Because the court believed it was within the time frames imposed by statute it made no findings that would be adequate to show good cause for exceeding the time limits

set by I.C. § 19–5001. Indeed, the state showed no urgent need for this first continuance and no awareness of the time limitations imposed by § 19–5001.

Another hearing occurred on September 10, twenty days before the Detainer Act deadline. Unaware that the trial had already been reset beyond the statutory period, the state moved for a second continuance, this time into the month of November. The state argued that it had six months after the information was filed in which to bring the case to trial. According to the state, the deadline was December 25.[1] Knauff again objected. His attorney argued that the 120–day time limits set by the Idaho Detainer Act applied. The district court never addressed this argument. The court, apparently accepting the state's view, noted that a November trial would still be "within the statutory framework." Trial was reset for November 3.

At the hearings on the two motions for continuance, the state argued that the delay was necessary for adequate preparation of the case and to alleviate an overcrowded trial schedule. The district court found the state had presented "good cause" for a continuance. We do not agree with this conclusion. Good cause means a substantial reason; one that affords a legal excuse. *State v. Stuart, supra.* We have held that "good cause" requires more than merely showing a crowded court docket as the reason for delaying a trial beyond statutory deadlines. The state must also show that reasonable alternative solutions were not available to avoid the delay. *State v. Sindak*, 113 Idaho 893, 749 P.2d 1018 (Ct. App.1988) (petition for review pending). Nor do we find that the state's own effort here to manage its case load constitutes "good cause" for continuance beyond the mandated time requirement of I.C. § 19–5001. Essentially, we are shown only that the first delay was granted eleven days before the scheduled trial date because the prosecutor "has been involved in

---

1. Although in district court the prosecutor took the position that the general six-month trial limit set by I.C. § 19–3501 applied, the state's attorney on appeal concedes, correctly, that the spe-

cial limitations of the Detainer Act prevail. *See, e.g., Simakis v. District Court of Fifth Judicial District*, 577 P.2d 3 (Colo.1978).

a first degree murder case and needs a little additional time in order to prepare this case." While some unavoidable delays are to be expected to arise due to crowded dockets and the scheduling burdens of lawyers, the state must establish from the record a valid reason for the delay. The delay sought here appears to be no more than the prosecutor's effort to gain some respite from a heavy trial schedule and a regrettable misunderstanding of the applicable statutory time period. Granting the first continuance did not alleviate the problem; it merely resulted in the need for a second continuance. The continuances granted were exclusively for the benefit of the state.

We have carefully reviewed the record of all court proceedings prior to trial. We have not lightly reached the conclusion that the state failed to show good cause for delay. We note that at his earliest opportunity Knauff asserted his right to a speedy trial. After a preliminary hearing, Knauff appeared in district court for arraignment on June 25, 1986. He immediately filed motions to quash and to dismiss, asserting that his constitutional and statutory rights to a speedy trial had already been violated. While he was then urging that his speedy trial rights had been violated by the state's delay in seeking his extradition, he also cited the Interstate Agreement on Detainers for its trial deadline provisions. These motions were not then addressed. Rather, the court set an August date for hearing pretrial motions and also set Knauff's trial for September 8.

Next, we have examined the motions and notices filed by Knauff to determine whether they contributed to postponement of the trial beyond the October 1 deadline. We conclude that they did not. On July 10 Knauff gave notice of intent to offer an alibi defense. On August 1 he asked to be furnished with a copy of the preliminary hearing transcript. On August 13 he moved to be allowed the services of a private investigator. None of these motions required delays or represented a dilatory tactic by Knauff. Knauff did file other pretrial motions but these were either timely objections to the delays requested by the state or motions made after the final trial setting for November.

The time period allowed for proceedings under I.C. § 19–5001(d)(3) is short. The period is designed to expeditiously dispose of outstanding charges against prisoners held in other states. *See United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). Under section (d) of the statute, a prisoner is made available to the receiving state upon a written request for temporary custody. The 120–day trial time frame is not inordinately short when the state is making the request for custody.

Here, Knauff was charged with crimes committed in the spring of 1984. The complaint against him was filed in April 1985. Sometime in 1986 the State of Idaho initiated proceedings to have him released from confinement in Washington so Knauff could be brought to trial in Idaho. When Knauff was arraigned on June 25, 1986, the court gave the state its choice of two trial dates. The state chose the latest date, September 8, and expressed no reservations about being able to try the case on that date. This setting gave the state seventy-five days to prepare for the trial, in addition to the fourteen months which had already elapsed since the state filed its complaint.

The duty of the state is to provide a prompt determination of the outstanding charge. The drafting of the Interstate Agreement on Detainers placed an emphasis on the trial time provisions. *See Stroble v. Anderson,* 587 F.2d 830 (6th Cir. 1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). These guarantees were to prevent abuse of detainers, undue incarceration and to limit the possibility that a long delay would impair the ability of a prisoner to defend himself. From the record presented, the state has not established a valid reason sufficient to warrant an abridgement of Knauff's right under the statute.

We conclude that the district court erred in failing to comply with the requirements of I.C. § 19–5001. In accordance with the

statute, we vacate the judgment of conviction and we direct the district court to enter an order dismissing the information with prejudice.

WALTERS, C.J., and BURNETT, J., concur.