STATE OF NEBRASKA, APPELLEE, V. STEVEN A. EBERT, APPELLANT.
455 N.W.2d 165

Filed May 11, 1990.    No. 89-697.

Brian R. Watkins for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant, Steven A. Ebert, was convicted of third offense drunk driving, in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1986), was sentenced to 3 months in the county jail, and was fined $500 and costs, and his operator's

license was suspended for 15 years. The judgment was affirmed by the district court upon appeal. The defendant has appealed to this court, contending the courts below erred in overruling his motion for discharge based on the State's failure to bring him to trial within 180 days.

The record shows that on January 21, 1987, the defendant was cited in Lincoln, Nebraska, for third offense drunk driving. He was living in Lincoln on that date, but "moved" to Beatrice on February 1, 1987, where he was incarcerated in the Gage County jail on a burglary charge. The defendant remained in jail in Gage County until March 23, 1987, when he was transferred to a Nebraska penal correctional facility in Lincoln to serve a term of 2 to 4 years for his burglary conviction.

While he was in the Gage County jail, the defendant received a letter dated February 13, 1987, from the Lincoln Police Department sent by certified mail advising him that he was scheduled to appear in the Lancaster County Court on March 10, 1987, and that "[a] 'hold' is being placed on you [sic] by County Court and you will [sic] be returned to Lincoln when Gage County releases you." The defendant failed to appear in court in Lincoln on March 10.

A detainer was filed with the Department of Correctional Services on July 18, 1988. The defendant was arraigned in the Lancaster County Court on July 29, 1988, and entered a plea of not guilty. Present counsel entered his appearance on September 1, 1988, and trial was set for September 21.

On September 21, 1988, the defendant filed a motion for discharge alleging that the charge pending against him should be dismissed because the State had failed to bring him to trial within 6 months from the date of the alleged offense, in violation of the U.S. and Nebraska Constitutions and Neb. Rev. Stat. §§ 29-1208 and 29-3805 (Reissue 1989). At the hearing on the motion on September 27, the defendant testified that he had never filed any papers of any kind requesting that the matter be brought to trial. The defendant's motion for discharge was overruled by the county court on November 29, 1988.

After a trial on stipulated facts on February 1, 1989, the defendant was found guilty. He was sentenced on March 10,

1989. The judgment of the county court was affirmed by the district court on May 24, 1989.

Neb. Rev. Stat. §§ 29-3801 to 29-3809 (Reissue 1989) provide a procedure by which a Nebraska prison inmate may assert his or her right to a speedy trial on pending Nebraska charges. *State v. Soule,* 221 Neb. 619, 379 N.W.2d 762 (1986). Section 29-3804 also allows the prosecutor to expedite the disposition of criminal charges pending against instate prisoners.

Section 29-3802 provides that the Director of Correctional Services (Director) must promptly inform, in writing, each prisoner in the custody of the Department of Correctional Services (Department) of any untried indictment, information, or complaint against him or her in this state, of which the Director has knowledge. In the present case, although the record is silent as to whether the Director was aware of or informed the defendant of the charge pending against him in Lancaster County, the defendant had actual knowledge of the charge.

The statutes provide two ways by which the trial of charges pending against instate prisoners may be expedited. First, the prisoner defendant may request, in writing to the Director, the disposition of untried charges, pursuant to § 29-3803. As we noted in *State v. Soule, supra,* if a prisoner makes such a request, the Director must issue a certificate informing the prosecutor of the prisoner's status with the Department, and must inform the court in which the untried charges are pending of the prisoner's request for final disposition of the untried charges. The Director also must offer to deliver custody of the prisoner to the appropriate authority in the city or county in which the untried charge is pending. In this case, the defendant did not request final disposition of the charge pending in Lancaster County.

Second, the prosecutor may seek to obtain access to the defendant pursuant to § 29-3804. Under that section, the prosecutor in a city or county in which an untried indictment, information, or complaint is pending is entitled to have a prisoner against whom the prosecutor has lodged a detainer made available upon presentation of a written request for temporary custody or availability to the Director. Generally

speaking, a "detainer" is a notification filed with the institution in which an individual is serving a sentence, advising the prisoner that he is wanted to face criminal charges pending in another jurisdiction. *State v. Reynolds*, 218 Neb. 753, 359 N.W.2d 93 (1984). If the prosecutor has filed a detainer against the prisoner and makes a written request for temporary custody or availability pursuant to § 29-3804, the Director must issue a certificate advising the prosecutor of the prisoner's status with the Department and must also "[o]ffer to deliver temporary custody of the prisoner to the appropriate authority in the city or county where the untried indictment, information, or complaint is pending in order that speedy and efficient prosecution may be had." In this case, the prosecutor did not file a written request for temporary custody or availability.

Section 29-3805 provides that the untried charges must be brought to trial within 180 days after the prosecutor receives a certificate from the Director pursuant to §§ 29-3803 or 29-3804. If the charges are not tried within 180 days, "no court of this state shall any longer have jurisdiction thereof nor shall the untried indictment, information, or complaint be of any further force or effect and it shall be dismissed with prejudice." § 29-3805.

The defendant contends that the filing of a detainer by the prosecutor is necessary to trigger the application of this procedure and that § 29-3803 does not apply in this case because the prosecutor did not file a detainer against the defendant until approximately 17 months after the complaint was filed. Thus, the defendant argues, he should have been discharged pursuant to § 29-1208.

The State argues that §§ 29-3801 et seq. impose no duty on the prosecutor to file detainers against prisoners and that the prosecution need not proceed to trial unless and until the prisoner defendant exercises his option to request disposition of the charges pursuant to § 29-3803.

In *State v. Soule*, 221 Neb. 619, 379 N.W.2d 762 (1986), the defendant was convicted of robbery in Douglas County and on April 26, 1984, was committed to the Nebraska Department of Correctional Services to serve a sentence of 2 to 4 years. On May 14, 1984, the Sarpy County sheriff filed a detainer with the

Department in connection with a burglary charge pending against the defendant in Sarpy County. The defendant then demanded the disposition of the untried charges pursuant to § 29-3801, but was brought to trial more than 180 days after his request was received by the prosecutor and filed in the county court. We determined that the 180-day period had been extended 7 days due to the defendant's request for a continuance and that the decision of the trial court denying the defendant's motion to dismiss was correct.

In *Soule*, we noted that the procedure under §§ 29-3801 to 29-3809 sets out a different timeframe from that set out in Neb. Rev. Stat. § 29-1207(2) (Reissue 1989) concerning mandatory disposition of untried indictments or informations within 6 months, or authorized continuances. This court declined to apply the law and decisions under the "speedy trial" requirements of Neb. Rev. Stat. §§ 29-1201 to 29-1209 (Reissue 1989) to the circumstances presented in *Soule* and held that the procedure set forth in §§ 29-3801 et seq. applied to instate prisoners. We also held that

the time within which an instate prisoner must be tried under §§ 29-3801 to 29-3809 begins to run when the county attorney of the county in which an indictment, information, or complaint is pending receives notice from the Department of Correctional Services of the prisoner's request for a final determination of a pending Nebraska indictment, information, or complaint.

*State v. Soule, supra* at 623, 379 N.W.2d at 764.

Section 29-3805 provides, in part, that "[w]ithin one hundred eighty days after the prosecutor receives a certificate from the director pursuant to section 29-3803 or 29-3804 . . . the untried indictment, information, or complaint shall be brought to trial with the prisoner or his or her counsel being present." The receipt by the prosecutor of a certificate from the Director triggers the 180-day period. See *State v. Soule, supra*.

In the present case, the prosecuting attorney did not receive a certificate from the Director pursuant to § 29-3803 because the defendant made no request under that section for final disposition of the untried complaint. The prosecuting attorney did not receive a certificate from the Director pursuant to

§ 29-3804 because the prosecutor had made no request under that section.

We hold that the procedure set out in §§ 29-3801 to 29-3809, rather than that in §§ 29-1201 to 29-1209, applies to instate prisoners. *State v. Soule, supra.* These sections do not require the prosecutor to file a detainer against any prisoner, but only require that a detainer be filed if the prosecutor elects to seek temporary custody or availability of a prisoner pursuant to § 29-3804. The filing of a detainer is not required in order for a prisoner to assert his or her right to a speedy trial pursuant to § 29-3803.

In the present case, the record shows that the defendant failed to appear in court on March 10, 1987, and that a detainer was filed against him on July 18, 1988. A journal entry dated July 22, 1988, states that at the defendant's request, the case was reset for arraignment on July 29, 1988. Apparently, arrangements were made to have the defendant transported to his arraignment. The defendant appeared in court on July 29 and entered a plea of not guilty. Trial was originally set for September 28. On August 26, 1988, the case was continued until September 1 on the written motion of defense counsel for the reason that "Defendant and the City Prosecutor have reached an agreement concerning disposition of the charges." Present counsel entered his appearance on September 1, 1988, and, at the defendant's request, the trial was rescheduled for September 21. On September 21, the defendant filed his motion for discharge. The motion was overruled on November 29, and the trial was held on February 1, 1989.

Although the record is silent as to whether the prosecutor ever received a certificate from the Director, which would trigger the 180-day period, the record shows that the defendant was tried 193 days after July 22, 1988, the date on which he apparently requested that this case be reset for arraignment. Excluding the 68-day continuance occasioned by the defendant's own motion for discharge, the defendant was tried within 180 days of his request. See § 29-3805.

The record shows that the defendant was fully aware of the complaint pending against him in Lancaster County, but did not take advantage of the provisions of § 29-3803 to secure

disposition of this charge. The prosecutor has no duty to proceed pursuant to § 29-3804, and the defendant was not entitled to be discharged pursuant to § 29-3805. The defendant agreed to be tried on a stipulation of facts and has shown no prejudice resulting from the delayed trial of this matter.

The judgment of the district court, affirming the judgment of the county court, is affirmed.

AFFIRMED.