STATE OF NEBRASKA, APPELLEE, V. STEPHEN L. CALDWELL, ALSO KNOWN AS STEVEN L. CALDWELL, ALSO KNOWN AS CHARLES GIBSON, APPELLANT.

639 N.W.2d 663

Filed January 29, 2002. No. A-01-115.

Thomas C. Riley, Douglas County Public Defender, and Kelly M. Steenbock for appellant.

James S. Jansen, Douglas County Attorney, and Donald W. Kleine for appellee.

IRWIN, Chief Judge, and INBODY and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Stephen L. Caldwell filed a motion to discharge after his trial date was continued beyond the 180-day time limit set forth in Neb. Rev. Stat. §§ 29-3801 to 29-3809 (Reissue 1995). The district court denied Caldwell's motion to discharge. Caldwell asserts on appeal that the district court erred when it granted the State's motion to continue. Caldwell also argues that the district court erred when it denied his motion to discharge. For the reasons stated below, we affirm the district court's granting the State's motion to continue.

## II. BACKGROUND

On July 7, 2000, the State filed a criminal complaint pursuant to Neb. Rev. Stat. § 28-311.01 (Reissue 1995) charging Caldwell with making terroristic threats against a juvenile court judge on June 7. At the time this criminal complaint was filed, Caldwell was incarcerated on an unrelated offense at a correctional facility in Nebraska. After the complaint was filed, the Douglas County sheriff's office filed a detainer against Caldwell. In accordance with § 29-3803, Caldwell made a written demand to the Director of Correctional Services for the disposition of this untried complaint against him.

On July 18, 2000, pursuant to § 29-3803, the director sent a notice to the Douglas County Attorney stating why Caldwell was imprisoned, the amount of time served and remaining to be served, and any decision of the Board of Pardons. The Douglas County Attorney received this notice on July 21.

On October 19, 2000, Caldwell was moved to the Douglas County Correctional Center for detention pending trial on the terroristic threat charge. Caldwell's preliminary hearing was held on November 28. On November 29, the State filed a criminal information charging Caldwell with making terroristic threats.

On January 8, 2001, the State filed an amended information charging Caldwell with making terroristic threats and with being a habitual criminal under Neb. Rev. Stat. § 29-2221 (Reissue 1995). A pretrial conference was held the same day where Caldwell pled not guilty to the amended information. The case was set for trial on January 17. On January 10, a hearing was held on the State's motion to continue. The State entered into evidence a letter from the juvenile court judge stating that he would be unavailable for trial on January 17. Caldwell objected to the continuance, arguing that the State did not show "good cause" for a continuance to be granted. We note that at this hearing, the State did not dispute the fact that the continuance would put Caldwell's trial date beyond the 180-day time limit. After finding good cause to continue the trial beyond the 180-day time limit, the district court granted a continuance from January 17 to January 22.

On January 22, 2001, Caldwell filed a motion to discharge, and a hearing was held the same day on that motion. Caldwell asserted that the State failed to bring him to trial within the 180-day time limit set forth in § 29-3805. In support of his motion, Caldwell argued that the State did not have good cause to continue the case. Caldwell argued that the good cause requirement under § 29-3805 should be defined by the standards set forth under the speedy trial statute, Neb. Rev. Stat. § 29-1207 (Reissue 1995). The State alleged that § 29-3805 was different from § 29-1207 and that the same standards should not be applied to both sections.

We note that at the hearing on the motion to discharge, the district court called its bailiff to testify. The district court's bailiff testified about the court's scheduling and whether trial could have been set prior to January 22, 2001. No error is assigned with regard to this procedure, and we make no comment on it. After the bailiff testified and counsel presented their arguments, the district court overruled Caldwell's motion to discharge. Caldwell's timely appeal is now before us.

## III. ASSIGNMENTS OF ERROR

On appeal, Caldwell has assigned three errors. First, Caldwell asserts that the district court erred in granting the State's motion to continue. Second, Caldwell argues that the district court erred in overruling his motion to discharge. We combine these assigned errors for purposes of discussion. Finally, Caldwell asserts the district court "abused its discretion" by setting a trial date beyond the 180-day limit.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

■ Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000); *State v. Al-Zubaidy*, 257 Neb. 935, 602 N.W.2d 8 (1999).

### 2. MOTION TO CONTINUE AND MOTION TO DISCHARGE

#### (a) Applicable Statutes

Caldwell asserts that the district court erred in granting the State's motion to continue and in denying his motion to discharge. Prior case law in Nebraska has held that the provisions of §§ 29-3801 to 29-3809 apply to in-state prisoners. *Tucker, supra*; *State v. Ebert*, 235 Neb. 330, 455 N.W.2d 165 (1990); *State v. Soule*, 221 Neb. 619, 379 N.W.2d 762 (1986). The parties in this case agree that §§ 29-3801 to 29-3809 apply to Caldwell.

■ Sections 29-3801 to 29-3809 provide the procedures by which a Nebraska prison inmate may assert his or her right to a speedy disposition of pending Nebraska charges. The issues in this case do not deal with whether those procedures were complied with. In fact, the record reveals that the parties agree Caldwell did everything necessary to trigger the 180-day time limit under the statutes. The issue is whether the district court erred when it found good cause to grant a continuance under § 29-3805.

#### (b) Good Cause

■ Section 29-3805 states in pertinent part:

Within one hundred eighty days . . . or within such additional time as the court for *good cause* shown in open court

may grant, the untried indictment, information, or complaint shall be brought to trial with the prisoner or his or her counsel being present. The parties may stipulate for a continuance or a continuance may be granted on a notice to the attorney of record and an opportunity for him or her to be heard.

(Emphasis supplied.)

Sections 29-3801 to 29-3809 do not define "good cause." The parties do not offer, and we are unable to find, any case law defining "good cause" in the context of those statutes. As such, Caldwell contends that this court should look to the speedy trial provisions set forth in Neb. Rev. Stat. §§ 29-1201 to 29-1209 (Reissue 1995) to define "good cause." The State contends that Nebraska case law distinguishes §§ 29-3801 to 29-3809 from the speedy trial provisions in §§ 29-1201 to 29-1209.

In *Ebert* and *Soule*, the Supreme Court declined to apply the law and decisions under the speedy trial statutes to §§ 29-3801 to 29-3809. The Supreme Court determined that §§ 29-3801 to 29-3809 were more akin to interstate detainers as discussed in *State v. Reynolds*, 218 Neb. 753, 359 N.W.2d 93 (1984). See *Soule, supra.* We also note that a review of the legislative history on §§ 29-3801 to 29-3809 reveals that the Legislature generally intended for those sections to be similar to the interstate Agreement on Detainers in Neb. Rev. Stat. §§ 29-759 to 29-765 (Reissue 1995). Therefore, we look to decisions from other states that have dealt with what good cause means in their intrastate or interstate detainer statutes.

The Court of Appeals of Idaho stated that "[g]ood cause means a substantial reason; one that affords legal excuse." *State v. Knauff*, 115 Idaho 74, 76, 764 P.2d 441, 443 (Idaho App. 1988). The Court of Appeals of Minnesota stated that whether "good cause exists for extending the [Uniform Mandatory Disposition of Detainers Act] time limit is a subjective, factual question within the discretion of the trial court." *State v. Miller*, 525 N.W.2d 576, 580 (Minn. App. 1994).

The Supreme Court of Minnesota found that the prosecution had shown good cause when it produced evidence that it was difficult to locate crucial witnesses. *State v. Hamilton*, 268 N.W.2d 56 (Minn. 1978). The court further stated that it saw "no basis for

disturbing the trial court's ruling that good cause was shown for granting the continuance. The additional delay in defendant's trial was minimal; it began approximately a month after the end of the 6-month period." *Id.* at 62. Like Nebraska's §§ 29-3801 to 29-3809, the Minnesota statutes do not define "good cause." The Court of Criminal Appeals of Alabama similarly found good cause to grant a continuance when witnesses were ill and unable to testify. *Cheatham v. State*, 431 So. 2d 1350 (Ala. App. 1983). The Alabama court found the continuance was "reasonable, necessary, and for good cause." *Id.* at 1353.

The Supreme Court of North Dakota found in *State v. Kania*, 341 N.W.2d 361 (N.D. 1983), the constitutional speedy trial factors set out in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), pertinent in defining "good cause." However, the Nebraska Supreme Court has declined to apply the standards and decisions of the statutory speedy trial to §§ 29-3801 to 29-3809. See, *State v. Ebert*, 235 Neb. 330, 455 N.W.2d 165 (1990); *State v. Soule*, 221 Neb. 619, 379 N.W.2d 762 (1986). Thus, it would be logical to refuse to apply the factors of *Barker, supra*, to §§ 29-3801 to 29-3809. See, *Knauff, supra*; *Soule, supra*.

■ Based on the above-persuasive authority and our independent analysis of the speedy trial statute, we conclude that Nebraska's §§ 29-3801 to 29-3809 fit in the category of cases where the definition of good cause is left to the discretion of the trial court. We agree with the rationale of the Minnesota and Idaho courts that good cause is something that must be substantial, but also a factual question dealt with on a case-by-case basis.

The evidence in this case shows that a pretrial conference was held on January 8, 2001, and that a jury trial was set for January 17. In a letter dated January 9, the juvenile court judge informed the State that he would be unavailable for trial on January 17. The next day, January 10, a hearing was held on the State's motion to continue. After entering the juvenile court judge's letter into evidence, the State requested the court to find good cause to continue because the juvenile court judge would be unavailable on January 17. The record reveals that the State came forward as soon as possible after the trial was scheduled to inform the district court and opposing counsel about the

conflict. The court continued the matter for 1 week. Good cause under §§ 29-3801 to 29-3809 encompasses a situation where a witness is unavailable. Given the facts of this case, it was not clearly erroneous for the district court to find good cause to continue the trial beyond the 180-day time limit. Because we find the motion to continue was properly granted, we also find the district court properly denied Caldwell's motion to discharge. Thus, these assigned errors are without merit.

### 3. ABUSE OF DISCRETION FOR SETTING TRIAL BEYOND 180-DAY LIMIT

Caldwell argues that the district court abused its discretion for setting the trial beyond the 180-day time limit. Caldwell asserts that § 29-1207 requires that he be brought to trial within 6 months of being indicted or informed. If Caldwell is arguing that § 29-1207 applies to this case, we have already decided that § 29-3805 is the appropriate statute. To the extent that Caldwell is attempting to argue that his constitutional right to a speedy trial was violated, he does not assign this as error. A claimed prejudicial error must be assigned and discussed in the brief of the asserting party. *Varela v. Fisher Roofing Co.*, 253 Neb. 667, 572 N.W.2d 780 (1998). This assigned error is without merit.

### V. CONCLUSION

We affirm the district court's decision granting the State's motion to continue. Based on case law from Nebraska and other jurisdictions, we find the district court properly found good cause. Because we find the motion to continue was proper, we also find the district court properly denied Caldwell's motion to discharge.

AFFIRMED.