STATE OF NEBRASKA, APPELLANT, V.
ROY J. ROUSE, APPELLEE.

688 N.W.2d 889

Filed November 16, 2004.    No. A-04-052.

Arlan G. Wine, Chase County Attorney, and Steven A. Gabrial, Special Deputy Chase County Attorney, for appellant.

Jerrod M. Gregg, of McQuillan, Steenburg & McQuillan, P.C., for appellee.

IRWIN, MOORE, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

The State appeals from the district court's order granting Roy J. Rouse's motion to discharge because the 180-day time limit set forth in Neb. Rev. Stat. §§ 29-3801 to 29-3809 (Reissue 1995) (instate prisoner statutes) had expired. Because Rouse's counsel implicitly requested a continuance while scheduling trial at Rouse's arraignment, resulting in a delay that the trial court failed to recognize as an extension of the 180-day time limit, we reverse, and remand for further proceedings.

## BACKGROUND

In March 2003, the district court for Hall County convicted Rouse of sexual assault of a child and tampering with a witness and sentenced him to imprisonment. Rouse was incarcerated on

March 27 and remained incarcerated at all times relevant to this case.

On May 5, 2003, the Chase County Attorney filed a detainer with the Nebraska Department of Correctional Services relating to a new charge against Rouse alleging sexual assault of a child. On June 16, the Chase County Attorney received a certificate from the office of the Director of Correctional Services informing the county attorney of Rouse's request for speedy disposition of the pending charge.

On July 24, 2003, an amended complaint was filed in the county court for Chase County, charging Rouse with first degree sexual assault in addition to the pending charge of sexual assault of a child.

Rouse was bound over to the district court for Chase County, and on August 5, 2003, Rouse was charged in the district court by an information alleging that he had committed sexual assault of a child, in violation of Neb. Rev. Stat. § 28-320.01(1) (Cum. Supp. 2002), and first degree sexual assault, in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1995).

Between September 17 and December 8, 2003, Rouse filed several pretrial motions, including a plea in abatement. The district court overruled the majority of these motions, and the others were rendered moot by the subsequent ruling on the motion to discharge.

On September 23, 2003, Rouse was arraigned and pled not guilty on both counts. Thereafter, in Rouse's presence, the district court conferred with counsel to schedule a trial on the charges. The court initially observed, "I was going to say I could probably do it as early as October 9th and 10th, but that's probably a little fast I would think." One of the State's attorneys then stated, "I'm involved in a child death trial in Lexington on those days." The court responded, "All right, then it's going to be a little bit longer out. I've got a three week jury trial starting the middle of October and it's been scheduled for a long time. I'd like to get it done. So, we're looking at—." At that point, Rouse's counsel interrupted and stated, "I have a first degree murder case in Lincoln County in the middle of November and I would certainly prefer to do this after that case is concluded." One of the State's attorneys then advised the court that Rouse was "incarcerated on other charges

in Lincoln," and the court proposed, "Do you want to do it right before Christmas, December 15, 16, 17, 18, sometime in there?" All of the lawyers, including Rouse's counsel, then agreed to the specific date of December 16 for trial to commence.

On December 8, 2003, Rouse filed the above-mentioned motion to discharge, seeking dismissal of the charges against him on the ground that the State had failed to bring the matter to trial within 180 days as required by § 29-3805. On December 16—the date that trial was scheduled to begin—the district court conducted a hearing on the motion, during which hearing the court stated that "[t]he motions that were filed and ruled on by the Court cannot extend the trial date out, because they didn't delay the trial date" and "because the trial was already set." At the conclusion of the hearing, the district court announced its ruling sustaining the motion, and subsequently, on December 30, it entered an order memorializing the ruling. The State was granted leave to docket an error proceeding, and it appeals from the order granting Rouse's motion to discharge.

### ASSIGNMENTS OF ERROR

We first note that the State has failed to comply with Neb. Ct. R. of Prac. 9D(1) (rev. 2001), which requires a separate section for assignments of error, designated as such by a heading, and requires that the section be located in the sequence specified by rule 9D(1)—after a statement of the case and before a list of controlling propositions of law. The State's brief does not contain the required section for assignments of error, but, on the table of contents page, under the heading "ARGUMENT," states the ways in which the district court allegedly erred. Brief for appellant at i. In the argument section of the brief, the State then restates each assertion of error at the beginning of the specific argument addressing each assertion. We do not approve of the State's failure to comply with rule 9D(1). While in this instance we choose to consider the irregularly stated assignments of error, we caution counsel that such failure to comply should not be repeated.

The State generally assigns that the district court erred in determining that the State did not bring the case to trial within 180 days as required by §§ 29-3801 to 29-3809, and it specifically assigns that the trial court erred (1) by determining that it

lacked discretion to consider the effect of any of Rouse's pretrial actions unless any of such actions actually caused a further continuance of the trial date established during the arraignment, (2) by failing to consider any of Rouse's pretrial motions as good cause for extending the 180-day time limit, and (3) by failing to find that the agreement by Rouse's attorney, during the arraignment, to a trial commencing on December 16, 2003—a date beyond the 180-day time limit—constituted good cause to extend the time limit.

## STANDARD OF REVIEW

Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000).

## ANALYSIS

Sections 29-3801 to 29-3809 (instate prisoner statutes) set forth procedures by which a Nebraska prison inmate may assert his or her right to a speedy disposition of pending Nebraska charges. Section 29-3805 states:

> Within one hundred eighty days after the prosecutor receives a certificate from the director [of the Nebraska Department of Correctional Services] or within such additional time as the court for good cause shown in open court may grant, the untried indictment, information, or complaint shall be brought to trial with the prisoner or his or her counsel being present. The parties may stipulate for a continuance or a continuance may be granted on a notice to the attorney of record and an opportunity for him or her to be heard. If the indictment, information, or complaint is not brought to trial within the time period stated in this section, including applicable continuances, no court of this state shall any longer have jurisdiction thereof nor shall the untried indictment, information, or complaint be of any further force or effect and it shall be dismissed with prejudice.

Good cause means a substantial reason; one that affords a legal excuse. *State v. Caldwell*, 10 Neb. App. 803, 639 N.W.2d 663 (2002). Whether good cause exists for extending the time limit in § 29-3805 is a subjective, factual question within the

discretion of the trial court. *State v. Caldwell, supra.* In this case, the prosecutor received the certificate on June 16, 2003, and absent good cause, the 180-day period would have expired on December 12. The State argues that the trial court erred in failing to find that certain circumstances constituted good cause sufficient to extend the 180-day period.

*Defense Motions.*

The State argues that the district court erred in not "extending the 180 day speedy trial clock" by the time that passed between the filing of Rouse's pretrial motions and the district court's rulings on those motions. Brief for appellant at 15. The State argues that the period of delay caused by such motions "is specifically excluded under the usual speedy trial statutes," *id.,* referring to Neb. Rev. Stat. §§ 29-1201 to 29-1209 (Reissue 1995). The State acknowledges that in *State v. Ebert,* 235 Neb. 330, 455 N.W.2d 165 (1990), the Nebraska Supreme Court declined to apply the law and decisions under the usual speedy trial statutes to the circumstances involving an instate prisoner. The State argues that in interpreting the instate prisoner statutes, the Nebraska appellate courts have utilized Neb. Rev. Stat. § 29-759 (Reissue 1995) (interstate detainer statute) and other states' decisions interpreting their own interstate and instate detainer statutes. The State then argues that this court, in *State v. Meyer,* 7 Neb. App. 963, 588 N.W.2d 200 (1998), utilized the jurisprudence under the Nebraska speedy trial statutes in interpreting the Nebraska interstate detainer statute. The State would have us apply this court's determination in *Meyer*—that the running of the time period specified by the interstate detainer statute was tolled by periods of delay caused by the defendant—to the instant situation involving the instate prisoner statutes. The State argues that Rouse's motions caused delay because Rouse was unable to stand trial while the district court considered them. We reject this argument to the extent that it attempts to inject the usual speedy trial computational analysis, see § 29-1207, into the analytical framework of the instate prisoner statutes, particularly § 29-3805.

In *State v. Soule,* 221 Neb. 619, 379 N.W.2d 762 (1986), the Nebraska Supreme Court declined to apply the law and decisions under the speedy trial provisions in §§ 29-1201 to 29-1209 to the

instate prisoner statutes. See, also, *State v. Ebert, supra.* Instead, the Supreme Court determined that the instate prisoner statutes were more akin to the interstate detainer statute. See *State v. Soule, supra.* See, also, *State v. Caldwell,* 10 Neb. App. 803, 639 N.W.2d 663 (2002) (legislative history on instate detainer statutes reveals that Legislature generally intended for those statutes to be similar to interstate Agreement on Detainers).

In *State v. Meyer, supra,* this court considered § 29-759, article VI(a), the provision of the interstate detainer statute which states, "In determining the duration and expiration dates of the time periods [for trial of an untried indictment, information, or complaint], the running of said time periods shall be tolled *whenever and for as long as the prisoner is unable to stand trial . . . .*" (Emphasis supplied.) It was to this portion of the interstate detainer statute, this court stated, that the jurisprudence under the speedy trial statutes is transferable. No language comparable to the tolling provision of article VI of the interstate detainer statute exists in the instate prisoner statutes.

■ The State acknowledges the Nebraska Supreme Court's refusal to apply the speedy trial statutes' jurisprudence to the instate prisoner statutes, but by relying on *Meyer,* the State attempts, in an indirect manner, to employ the analysis that the Supreme Court declined to use in *Soule.* We likewise decline to employ such an analysis. *Meyer* was not a departure from *Soule,* because the statutes *Meyer* compared contained similar tolling provisions. As this court recognized in *Meyer,* both the interstate detainer statute and the speedy trial statutes provide for tolling of the mandatory time limit under specific circumstances; the instate prisoner statutes contain no equivalent provision. Therefore, we follow *Soule,* declining to apply the jurisprudence under the speedy trial statutes in the present case, and conclude that the district court was not clearly erroneous in refusing to extend the time period required by § 29-3805 for trial because of Rouse's various motions.

*Continuance.*

■ The State argues that the district court erred in failing to find that Rouse's counsel's agreement to the December 16, 2003, trial date constituted good cause to extend the 180-day time limit. A

continuance granted at an instate prisoner's request, or at the prosecutor's request after notice to the prisoner's attorney and an opportunity to be heard, extends the time within which such a prisoner must be brought to trial under the instate prisoner statutes. *State v. Soule, supra* (time extended by continuance granted at prisoner's request when complaint was pending in county court); *State v. Caldwell, supra* (time extended by continuance granted at prosecutor's request). When the district court was scheduling trial, Rouse's counsel, in Rouse's presence, informed the court that he was involved in another trial in "the middle of November" and preferred to schedule Rouse's trial for after the conclusion of that trial even though the court was then contemplating an earlier date. Acceding to Rouse's request and after confirming the acceptability to Rouse's counsel of a trial on December 16, the district court scheduled Rouse's trial to commence on that date.

Rouse's counsel's request to schedule the trial for after the November proceeding amounted to a request for a continuance and established good cause to extend the period within which Rouse could be brought to trial. See, *New York v. Hill*, 528 U.S. 110, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000); *Dennett v. State*, 19 Md. App. 376, 311 A.2d 437 (1973). In *Hill*, under a factual scenario very similar to that of the instant case and in which the U.S. Supreme Court interpreted the interstate Agreement on Detainers, the Court recognized the conduct of counsel as the equivalent of a good cause continuance. Similarly in *Dennett*, the trial court and the reviewing appellate court interpreted an arraignment discourse to have constituted the grant of a continuance. See, also, *State v. Roundtree*, 11 Neb. App. 628, 658 N.W.2d 308 (2003) (acknowledging that trials and hearings are usually set by judge based upon counsel's oral statements of undisputed facts as to what time is or is not satisfactory for them and that this informal practice is efficient for bench and bar and frequently carries over into motions or requests for continuances, but that it is poor procedure when speedy trial rights are involved). Therefore, we conclude that the district court was clearly wrong in finding the time period under § 29-3805 to have expired and that it consequently erred in granting the motion to discharge. Accordingly, we reverse the trial court's order dismissing the information with prejudice.

■ It remains to be determined how much time remains to bring the matter to trial. The State urges that "the period from November 2003 . . . until . . . December 16, 2003 . . . should be excluded from the speedy trial calculation." Brief for appellant at 24. However, because "the middle of November" is not sufficiently specific for this court to determine with precision the length of the implicit continuance granted, upon remand it will be necessary for the trial court to determine the precise length of the continuance effectively granted at the time of arraignment. Because Rouse sought and obtained further delay by his motion to discharge, it will also be necessary for the trial court upon remand to determine the extent of further continuance which was and will be occasioned solely by the erroneous grant of Rouse's motion to discharge, bearing in mind that some time will be required to impanel a jury and to schedule and conduct the hearing required to determine the extent of the continuance previously granted. See *State v. Ebert*, 235 Neb. 330, 455 N.W.2d 165 (1990) (delay occasioned by instate prisoner's motion to discharge excluded from 180-day period). It will additionally be necessary to grant a further continuance to the extent required to schedule a trial at the earliest opportunity, giving preference to this trial over all civil trials and all other criminal cases for which trial has not already been scheduled.

*Waiver of Right.*
■ The State also argues that by agreeing to the December 16, 2003, trial date, Rouse's counsel waived Rouse's right to discharge if Rouse were not tried within 180 days. To the extent that the State argues that Rouse waived all protection of the instate prisoner statutes' time limits or the instate prisoner statutes generally, we disagree. See *New York v. Hill, supra* (mere agreement to specified delay in trial did not constitute prospective waiver of all protection of interstate Agreement on Detainers' time limits or of interstate Agreement on Detainers generally). We have concluded that Rouse's counsel implicitly requested a continuance when scheduling the trial date. Such request did not operate as a waiver of Rouse's right to a disposition within the time limit imposed by the instate prisoner statutes; it merely extended the duration of the time period allowed for commencement of trial.

*Lack of Discretion.*

■ Lastly, the State argues that the district court erred in determining that it lacked discretion to consider the effect of any of Rouse's pretrial actions unless a given action actually caused a further continuance of the trial date established during the arraignment. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it. *Burke v. McKay*, 268 Neb. 14, 679 N.W.2d 418 (2004). Because of our resolution of this appeal, we need not address this issue.

## CONCLUSION

For the foregoing reasons, we reverse the district court's ruling on Rouse's motion to discharge and remand the cause for further proceedings in conformity with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.