Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/14/2023 09:05 AM CST

State of Nebraska, appellee, v.
Roger L. Weichman, appellant.
___ N.W.2d ___

Filed February 7, 2023.    No. A-22-093.

1. **Judgments: Speedy Trial: Appeal and Error.** Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.
2. **Judgments: Appeal and Error.** Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.
3. **Speedy Trial: Prisoners.** The statutory procedure under Neb. Rev. Stat. § 29-3805 (Reissue 2016), rather than the procedure under Neb. Rev. Stat. § 29-1207 (Reissue 2016), applies to instate prisoners.
4. **Good Cause: Words and Phrases.** Good cause means a substantial reason; one that affords a legal excuse.
5. ____: ____. Good cause is something that must be substantial, but also a factual question dealt with on a case-by-case basis.

Appeal from the District Court for Madison County: Mark A. Johnson, Judge. Affirmed.

Chelsey R. Hartner, Chief Deputy Madison County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

Pirtle, Chief Judge, and Arterburn and Welch, Judges.

Welch, Judge.

## INTRODUCTION

Roger L. Weichman appeals from the Madison County District Court's order denying his motion for discharge based upon the State's failure to try him within 180 days under applicable speedy trial statutes governing prison inmates. For the reasons stated herein, we affirm.

## STATEMENT OF FACTS

### County Court Procedural Background and Detainer

On May 4, 2021, the State filed a criminal complaint in Madison County Court charging Weichman with two counts of theft by receiving stolen property in an amount of $5,000 or more, both Class IIA felonies. At the time of the filing, Weichman was an inmate in the custody of the Department of Correctional Services (DCS) at the Nebraska State Penitentiary in Lincoln, Nebraska.

On June 28, 2021, Weichman, acting pro se, filed a motion to dismiss the charges alleged in the complaint for "failure to bring [the matter] to [t]rial within 180 days" and demanded, in the alternative, to be brought before the Madison County Court for arraignment on the charges.

On July 8, 2021, a letter from DCS was filed in Madison County Court which notified the Madison County Attorney that a detainer had been filed against Weichman and included Weichman's signed request for disposition of untried charges pursuant to Neb. Rev. Stat. §§ 29-3801 through 29-3809 (Reissue 2016). Weichman's request for disposition also included a request for the appointment of counsel. The Madison County Attorney was served with the documents that same date.

Weichman's case proceeded in the Madison County Court with the arraignment and hearing on his motion to dismiss held on July 27, 2021, during which Weichman appeared in person. During the hearing, the court arraigned Weichman,

determined that Weichman was indigent, appointed counsel for him, and continued Weichman's previously filed pro se motion to dismiss until August 10. After Weichman was unable to participate via videoconferencing at the August 10 hearing, his motion was continued to August 24. On August 24, at Weichman's request, the court set the matter for a preliminary hearing on September 20. During the preliminary hearing, the county court bound over to the district court one count of theft by receiving stolen property and dismissed the other count due to insufficient evidence.

### District Court Procedural Background

On October 14, 2021, the State charged Weichman by information in the Madison County District Court with one count of theft by receiving stolen property in an amount of $5,000 or more, a Class IIA felony. The arraignment was held on October 22, during which Weichman pled not guilty to the charged offense. The court scheduled the pretrial conference for December 3 and scheduled the jury trial for February 14, 2022. The information was amended in January 2022 to add a second count of theft by receiving stolen property in an amount of $5,000 or more.

At the December 3, 2021, pretrial conference, defense counsel orally moved for a continuance of the pretrial conference to review video discovery. The pretrial conference was rescheduled to January 7, 2022, at which time Weichman's counsel requested a continuance because of Weichman's quarantined status due to COVID-19. The pretrial conference was rescheduled for February 4.

On February 4, 2022, Weichman filed a motion for discharge pursuant to § 29-3805, alleging that the State failed to bring him to trial within the required 180 days. A hearing on Weichman's motion for discharge was held on February 7. The district court received exhibits offered by the State consisting of a set of emails between the county court and DCS, as well as Madison County Court journal entries dated

July 27, 2021; August 10, 2021; August 24, 2021; and September 20, 2021. The clerk of the county court also testified regarding the continuances contained within the aforementioned exhibits.

After hearing the parties' arguments, the district court denied the motion and articulated that the notice was received by the State on July 8, 2021, and that

> the request for preliminary hearing is proper cause to exclude days for calculation and upon [Weichman's] request for counsel and appointment for [Weichman] that was good cause for exclusion of extension of hearing and not an unreasonable period of extension. The State has met its burden and the motion for speedy trial is overruled as 166 days have elapsed under this calculation.

Weichman appeals from the district court's denial of his motion for discharge.

## ASSIGNMENT OF ERROR

Weichman's sole assignment of error is that the district court erred in denying his motion for discharge pursuant to § 29-3805.

## STANDARD OF REVIEW

[1] Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Kolbjornsen*, 295 Neb. 231, 888 N.W.2d 153 (2016).

[2] Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021).

## ANALYSIS

Weichman's sole argument on appeal is that the district court erred in denying his motion for discharge pursuant to § 29-3805.

In *State v. Soule*, 221 Neb. 619, 624, 379 N.W.2d 762, 765 (1986), the Nebraska Supreme Court noted:

By adopting [§] 29-3801 et seq. the Nebraska Legislature has provided a specific mechanism for a Nebraska prison inmate to assert his right to speedy trial on pending Nebraska charges. If the State fails to bring the defendant to trial timely, then dismissal of the charge is required. The statute itself, however, is written to provide an element of flexibility by providing an exception where a continuance is granted for good cause or agreement between the State and defendant.

We quote the relevant provisions of this statutory construct. Section 29-3802 provides:

The director [of DCS] shall promptly inform in writing each prisoner in the custody of [DCS] of the source and nature of any untried indictment, information, or complaint against him or her of which the director has knowledge and of his or her right to make a request for final disposition thereof.

Section § 29-3803 provides:

Any person who is imprisoned in a facility operated by [DCS] may request in writing to the director final disposition of any untried indictment, information, or complaint pending against him or her in this state. Upon receiving any request from a prisoner for final disposition of any untried indictment, information, or complaint, the director shall:

(1) Furnish the prosecutor with a certificate stating the term of commitment under which the prisoner is being held, the time already served on the sentence, the time remaining to be served, the good time earned, the time of

the prisoner's parole eligibility, and any decision of the Board of Parole relating to the prisoner;

(2) Send by registered or certified mail, return receipt requested, one copy of the request and the certificate to the court in which the untried indictment, information, or complaint is pending and one copy to the prosecutor charged with the duty of prosecuting it; and

(3) Offer to deliver temporary custody of the prisoner to the appropriate authority in the city or county where the untried indictment, information, or complaint is pending.

Section § 29-3805 provides:

Within one hundred eighty days after the prosecutor receives a certificate from the director pursuant to section 29-3803 or 29-3804 or within such additional time as the court for good cause shown in open court may grant, the untried indictment, information, or complaint shall be brought to trial with the prisoner or his or her counsel being present. The parties may stipulate for a continuance or a continuance may be granted on a notice to the attorney of record and an opportunity for him or her to be heard. If the indictment, information, or complaint is not brought to trial within the time period stated in this section, including applicable continuances, no court of this state shall any longer have jurisdiction thereof nor shall the untried indictment, information, or complaint be of any further force or effect and it shall be dismissed with prejudice.

The parties do not dispute that Weichman was imprisoned at the time he submitted his request for final disposition; that Weichman timely submitted his request to DCS for final disposition of the untried complaint filed in the Madison County Court; that DCS timely furnished the prosecutor with a certificate governing the terms of Weichman's commitment and a copy of Weichman's request, along with the DCS certificate to the Madison County Court; and that the notice

and certificate received by the prosecutor on July 8, 2021, triggered the time limitation to commence Weichman's trial as set forth in § 29-3805. Weichman simply argues that by the time he submitted his motion for discharge on February 4, 2022, the applicable 180-day time limitation to commence the trial had expired and he was entitled to discharge. The State argues that when the time limitation is computed with applicable continuances, the time to commence trial had not expired on February 4, 2022.

[3] Both parties acknowledge that because Weichman was a "[c]ommitted offender" in the custody of DCS, as defined in Neb. Rev. Stat. § 83-170(2) (Cum. Supp. 2022), at the time that he submitted his request for final disposition of the matter charged in the Madison County Court, his statutory speedy trial was governed by Nebraska's intrastate detainer statutes found at §§ 29-3801 through 29-3809, not the speedy trial statute found at Neb. Rev. Stat. § 29-1207 (Reissue 2016). We agree. The statutory procedure under § 29-3805, rather than the procedure under § 29-1207, applies to instate prisoners. *State v. Kolbjornsen*, 295 Neb. 231, 888 N.W.2d 153 (2016). The Supreme Court in *Kolbjornsen* held:

> Because [the defendant] was a "committed offender" in the custody of [DCS] at the time that he filed his motions [to advance the defendant's trial], his statutory speedy trial rights were governed by Neb. Rev. Stat. §§ 29-3801 to 29-3809 (Reissue 2016). The procedure under § 29-1207 does not apply.

295 Neb. at 235, 888 N.W.2d at 156. Accordingly, we must determine whether Weichman's speedy trial rights were violated under the applicable intrastate detainer statutes.

Pursuant to the terms of § 29-3805, because the prosecutor was in receipt of the DCS certificate on July 8, 2021, the untried complaint against Weichman filed on May 4 had to be brought to trial within 180 days thereafter, subject to "such additional time as the court for good cause shown in open court may grant." And further pursuant to § 29-3805,

because the matter must stand dismissed "[i]f the indictment, information, or complaint is not brought to trial within the time period stated in [§ 29-3805], including applicable continuances," we must calculate whether Weichman's speedy trial rights were violated by the time he filed his motion to discharge on February 4, 2022, subject to the language of that rule.

Here, the parties agree that the 180-day period commenced running on July 8, 2021. Without any extensions, Weichman should have been tried by Tuesday, January 4, 2022. However, the district court found that three continuances were excludable from the speedy trial calculation for good cause. Those continuances were as follows: (1) the continuance of Weichman's motion to dismiss from July 27 to August 10, 2021, after counsel was appointed for him (14 days); (2) the continuance of the August 10 hearing to August 24, due to issues with videoconferencing that prevented Weichman from being able to appear at the hearing (14 days); and (3) the time from Weichman's hearing held on August 24, when Weichman failed to appear, to the date the court could hold a preliminary hearing on September 20 to accommodate Weichman's counsel's request for a preliminary hearing which could be scheduled on that date (27 days). The district court, after deducting the 55 days from the 221 days that passed from July 8, 2021, to the date of Weichman's motion for discharge filed on February 4, 2022, determined that the State had 14 days left to bring Weichman to trial. Weichman argues that the three continuances should not count against him.

Without extension, Weichman was required to be tried by January 4, 2022. However, as the Nebraska Supreme Court held in *State v. Kolbjornsen*, 295 Neb. 231, 236, 888 N.W.2d 153, 157 (2016): "But, as § 29-3805 expressly states, the 180-day period may be extended 'for good cause shown in open court.' And the State relies on an extension based on this language."

[4,5] In defining good cause, the Nebraska Supreme Court elaborated in *Kolbjornsen*:

We have not defined "good cause" for purposes of § 29-3805, but the Nebraska Court of Appeals has. "Good cause means a substantial reason; one that affords a legal excuse." It is "something that must be substantial, but also a factual question dealt with on a case-by-case basis."

We see no reason to depart from this definition, although it is concededly very general. And in applying the definition, each case must be determined based upon its particular facts and circumstances.

The Nebraska appellate courts have applied the "good cause" extension of § 29-3805 to continuances obtained under a variety of circumstances. We have held that a continuance granted at an instate prisoner's request in the county court where a complaint is pending against the prisoner extends the time within which such a prisoner must be brought to trial under § 29-3805. And the Court of Appeals has determined that a continuance granted at a prosecutor's request but with the implicit consent of the prisoner's attorney extended the time limit.

295 Neb. at 237, 888 N.W.2d at 157.

Nebraska appellate courts have additionally applied the good cause extension for continuances due to the unavailability of a courtroom for a jury trial, see *Kolbjornsen, supra*; due to the pendency of a defendant's plea in abatement, see *State v. Rieger*, 270 Neb. 904, 708 N.W.2d 630 (2006); due to defense counsel's request to continue a preliminary hearing, see *State v. Soule*, 221 Neb. 619, 379 N.W.2d 762 (1986); due to defense counsel's request to schedule the trial after expiration of the 180-day time limit, see *State v. Rouse*, 13 Neb. App. 90, 688 N.W.2d 889 (2004); due to a continuance based on the unavailability of a State's witness for a scheduled trial date, see *State v. Caldwell*, 10 Neb. App. 803, 639 N.W.2d 663 (2002); and due to a continuance occasioned by the defendant's own

motion for discharge, see *State v. Ebert*, 235 Neb. 330, 455 N.W.2d 165 (1990).

After reviewing this record, we agree that by the time Weichman filed his motion for discharge on February 4, 2021, the 180-day speedy trial rule, computed with extensions for good cause, had not expired. However, our reasoning differs from that of the district court, as we explain in greater detail below.

In computing the applicable extensions, the court relied upon a continuance of the July 27 and August 10, 2021, hearings, followed by computing the number of days from the August 24 hearing (during which Weichman requested a preliminary hearing) to September 20 (when the preliminary hearing could be held). After reviewing the record governing the nature of those hearings, we first note that Weichman, acting pro se, filed his own motion to dismiss on speedy trial grounds on June 28. The county court scheduled a hearing on that motion on July 27 but continued that hearing after the court appointed, on that date, defense counsel to represent Weichman in future proceedings, including Weichman's previously filed pro se motion to dismiss. On August 10, the county court continued the hearing a second time, because Weichman was unable to appear by videoconferencing due to technical difficulties. As such, the county court was not able to hear Weichman's motion to dismiss until August 24. Although neither party provided a record from the August 24 hearing governing the county court's specific ruling on the motion to dismiss held that day, the order itself indicates that the county court scheduled the matter for a preliminary hearing to be held on September 20, at Weichman's request. Although we are unable to ascertain from the limited record how exactly the court ruled on Weichman's pro se motion to dismiss held on August 24, we recognize that the proceeding itself stands continued from the date of Weichman's June 28 pro se motion to dismiss to the date the court heard and ruled thereon on August 24. See *Ebert, supra* (holding that extensions of

180-day speedy trial calculation include continuances occasioned by defendant's own motion for discharge).

From the July 8, 2021, filing which notified the Madison County Attorney that a detainer had been filed against Weichman, until Weichman's February 4, 2022, filing of his motion for discharge, a total of 211 days elapsed. Although Weichman filed his pro se motion to dismiss on June 28, 2021, which was 10 days before the speedy trial clock began to run, that motion was not disposed of until at least August 24, when the record demonstrates it was thereafter no longer mentioned or continued. That means the case was deemed continued, at a minimum, from July 8, the day the speedy trial clock would normally have commenced to run, until at least August 24, when Weichman's pro se motion for discharge was resolved. When that 47 days is subtracted from the 211 days that fully elapsed from July 8, 2021, to February 4, 2022, the date Weichman filed his second motion for discharge, the State had 16 days remaining to bring Weichman to trial. Accordingly, although we compute the timeframe differently than the district court, we agree with the district court that at the time Weichman filed his February 4 motion for discharge, Weichman's speedy trial rights found at §§ 29-3801 through 29-3809 had not been violated. See *State v. Grant*, 310 Neb. 700, 968 N.W.2d 837 (2022) (where record adequately demonstrates decision of trial court is correct, although such correctness is based on ground or reason different from that assigned by trial court, appellate court will affirm). Weichman's assignment of error fails.

## CONCLUSION

Having found that Weichman's right to a speedy trial under §§ 29-3801 through 29-3809 had not been violated at the time he filed his February 4, 2022, motion for discharge, we affirm.

Affirmed.