STATE OF NEBRASKA, APPELLEE, V. LUKE J. SOULE, APPELLANT.
379 N.W.2d 762

Filed January 17, 1986.   No. 85-029.

James P. Miller and Owen A. Giles, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

Defendant-appellant, Luke J. Soule, was charged and convicted on one count of burglary pursuant to Neb. Rev. Stat. § 28-507(1) (Reissue 1979). Soule was sentenced to 2 years on this burglary charge, to be served consecutively to a previously imposed sentence for robbery. Soule's sole assignment of error is that "[t]he Court below erred by overruling Appellant's motion for discharge made pursuant to [Neb. Rev. Stat. § 29-3805 (Cum. Supp. 1984)]." For the reasons set forth hereinafter, we affirm.

Soule was charged in this case with burglary by criminal complaint filed February 6, 1984, in the county court for Sarpy County, Nebraska. At that time Soule apparently was in custody at the Douglas County Corrections Center in Omaha, Nebraska, pending the resolution of a robbery charge filed against him in that jurisdiction. The robbery charge was resolved against Soule, and on April 26, 1984, Soule was committed to the Nebraska Department of Correctional Services (Department) to serve a sentence of 2 to 4 years.

On May 14, 1984, the sheriff of Sarpy County filed a detainer with the Department in connection with the burglary charge pending against Soule in Sarpy County. In a letter dated May 23, 1984, from Raymond E. Sankey, deputy administrator of detainer compacts for the Department, to Patrick Kelly, Sarpy County attorney, Sankey informed Kelly that "Soule is requesting a quick and speedy disposition of your charges under Section 3 of the Nebraska Mandatory Disposition of Instate Detainer's [sic] Act." That title is not used in the Nebraska statutes, but the letter refers to 1984 Neb. Laws, L.B. 591 (effective March 3, 1984), now reflected in Neb. Rev. Stat. §§ 29-3801 et seq. (Cum. Supp. 1984). Those statutes provide that a county attorney must bring to trial any pending indictment, information, or complaint within 180 days after request is made.

Under the procedure outlined in those statutes, the Director

of Correctional Services (Director) must promptly inform, in writing, each prisoner in the custody of the Department of any untried indictment, information, or complaint against him or her in this state, of which the Director has knowledge, and of the prisoner's right to make a request for final disposition thereof. Such prisoner may request, in writing to the Director, final disposition of such untried charge. The Director then has the obligation to inform the appropriate county attorney as to the prisoner's status with the Department, and to inform the court in which the untried indictment, information, or complaint is pending of the prisoner's request for final disposition of the untried charge. The Director also must offer to deliver custody of such prisoner to the appropriate authority in the city or county in which the untried charge is pending.

Section 29-3805 provides that within 180 days after the county attorney receives the Director's certificate, or "within such additional time as the court for good cause shown in open court may grant, the untried indictment, information, or complaint shall be brought to trial with the prisoner or his or her counsel being present."

The letter from the Director's deputy, which operated as a certificate under §§ 29-3803 to 29-3805, was received by the county attorney of Sarpy County on May 24, 1984, and by the county court for Sarpy County on the same day.

Soule first appeared in county court in Sarpy County on September 19, 1984. At this hearing, counsel was appointed for Soule, bond was set, and his preliminary hearing was scheduled for October 4, 1984. On October 4 Soule appeared with counsel in the county court. On that date the court's records show the following:

> Pre-Hearing Motion to continue—Defendant   Heard Oct. 4, 1984   Defendant   Present   yes   Defendant Counsel James Miller, P.D.   State's Counsel John Irwin
>
> Defendant moved for week's continuance to enable his counsel to . prepare adequately for preliminary hearing—State had no objection—One week continuance granted—So ordered.
>
> /s/ Albert Walsh
> Judge

Soule's preliminary hearing was held on October 11, 1984, and he was bound over to the district court to stand trial. An information was filed against Soule on the burglary charge in the district court for Sarpy County on October 15, 1984. Jury trial began on November 26, 1984, and Soule was found guilty of burglary on November 27.

At his sentencing on December 21, 1984, Soule's attorney made an oral motion to dismiss for failure of the State to bring Soule to trial within 180 days as required by § 29-3805. Two exhibits were received in evidence in support of this motion. These exhibits, together with the transcript of the county court proceedings, showed the time sequence and procedures set out above. The trial court overruled Soule's motion and imposed a sentence to be served consecutively to Soule's Douglas County sentence. Soule timely appealed from the sentence.

Section 29-3805 provides in its entirety:

Within one hundred eighty days after the prosecutor receives a certificate from the director pursuant to section 29-3803 or 29-3804 or within such additional time as the court for good cause shown in open court may grant, the untried indictment, information, or complaint shall be brought to trial with the prisoner or his or her counsel being present. The parties may stipulate for a continuance or a continuance may be granted on a notice to the attorney of record and an opportunity for him or her to be heard. If the indictment, information, or complaint is not brought to trial within the time period stated in this section, including applicable continuances, no court of this state shall any longer have jurisdiction thereof nor shall the untried indictment, information, or complaint be of any further force or effect and it shall be dismissed with prejudice.

Pursuant to § 29-3805, the calculation of the time within which a defendant must be tried under this act begins to run after a prosecutor receives a certificate from the Director concerning a Nebraska prisoner's request for final disposition of a pending Nebraska charge.

The procedure under §§ 29-3801 to 29-3809 sets out a different timeframe from that set out in Neb. Rev. Stat.

§ 29-1207(2) (Reissue 1979) concerning mandatory disposition of untried indictments or informations within 6 months, or authorized continuances. Soule would have this court apply the law and decisions under the "speedy trial" requirements of Neb. Rev. Stat. §§ 29-1201 to 29-1209 (Reissue 1979) to this case. We decline to do so, and determine that §§ 29-3801 et seq. are much more akin to Neb. Rev. Stat. §§ 29-729 to 29-765 (Reissue 1979), referring to interstate detainers, as discussed in *State v. Reynolds*, 218 Neb. 753, 359 N.W.2d 93 (1984).

In this case there is no question that Soule was brought to trial more than 180 days after his request was received by the prosecutor and filed in the county court. The letter from Raymond E. Sankey to Patrick Kelly acted as "a certificate from the director pursuant to section 29-3803 or 29-3804" as provided in § 29-3805. This letter was received by the county attorney of Sarpy County on May 24, 1984. Under § 29-3805 the 180-day period then began to run and would have expired on November 20, 1984, unless a continuance satisfying the statute had been granted. We hold that the time within which an instate prisoner must be tried under §§ 29-3801 to 29-3809 begins to run when the county attorney of the county in which an indictment, information, or complaint is pending receives notice from the Department of Correctional Services of the prisoner's request for a final determination of a pending Nebraska indictment, information, or complaint.

The trial court held and the evidence shows that in the county court for Sarpy County a 1-week continuance was requested by Soule's attorney and was granted to Soule to aid him in preparing for his preliminary hearing. At that time the complaint against Soule was pending in that court. The district court held that defendant's motion in the county court extended for 7 days the running of the 180 days under § 29-3805. We hold that a continuance granted at an instate prisoner's request in the county court where a complaint is pending against such a prisoner operates to extend the time within which such a prisoner must be brought to trial under § 29-3805.

The rulings of the district court conform to the statute in question. Section 29-3805 specifically provides that trial shall be held within 180 days after the prosecutor receives a

certificate "or within such additional time as the court for good cause shown in open court may grant . . . ." In this case defendant Soule, through his counsel, requested and obtained a 7-day continuance. Such action resulted in the 180-day period's being extended 7 days. Soule was brought to trial within that properly extended period. The trial court was correct in denying defendant's motion for discharge premised on § 29-3805.

Other courts have reached the same result under similar intrastate detainer statutes. Among other states, Missouri, Minnesota, North Dakota, and Colorado have adopted the Uniform Mandatory Disposition of Detainers Act, on which Nebraska's §§ 29-3801 et seq. are based. In *Russell v. State*, 624 S.W.2d 176 (Mo. App. 1981), the court held that where a defendant files a motion within the 180-day period seeking a trial date beyond the 180-day limit, such a defendant is not then entitled to a discharge because the trial is held more than 180 days after the prisoner's request for final disposition of a pending case.

In *State v. Hamilton*, 268 N.W.2d 56 (Minn. 1978), the court held that the granting of a prosecutor's motion for a continuance, if based on good cause, operated to extend the 6-month period within which the applicable Minnesota statutes required that Minnesota prisoners must be brought to trial on pending Minnesota charges.

In *State v. Carlson*, 258 N.W.2d 253 (N.D. 1977), the court held that where counsel for the defendant and the State stipulated for a continuance, the period within which defendant had to be tried was extended for the period of the continuance. See, also, *People v. Anderson*, 649 P.2d 720 (Colo. App. 1982).

By adopting §§ 29-3801 et seq. the Nebraska Legislature has provided a specific mechanism for a Nebraska prison inmate to assert his right to speedy trial on pending Nebraska charges. If the State fails to bring the defendant to trial timely, then dismissal of the charge is required. The statute itself, however, is written to provide an element of flexibility by providing an exception where a continuance is granted for good cause or agreement between the State and defendant.

The facts in this case show that defense counsel was the moving party for a continuance during a hearing in open court.

The prosecutor had no objection. The decision of the trial court denying defendant's motion to dismiss was correct. Defendant's conviction and sentence are affirmed.

AFFIRMED.