STATE OF NEBRASKA, APPELLEE, V.
DAVID W. RIEGER, JR., APPELLANT.
708 N.W.2d 630

Filed January 20, 2006.    No. S-03-670.

Jason E. Troia and Jill A. Daley, of Gallup & Schaefer, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

This is a petition for further review from the Nebraska Court of Appeals' opinion in *State v. Rieger*, 13 Neb. App. 444, 695 N.W.2d 678 (2005). The Court of Appeals affirmed the district court's denial of the motion for postconviction relief of David W. Rieger, Jr. Rieger generally assigns that the Court of Appeals erred in computing the time limitation for trial under article III of Nebraska's Agreement on Detainers.

## STATUTORY SCHEME OF AGREEMENT ON DETAINERS

Before discussing the facts, it is helpful to review the statutory scheme around which this action revolves. Nebraska is

a contracting party to the Interstate Agreement on Detainers Act, a congressionally sanctioned interstate compact, codified in Nebraska as the Agreement on Detainers (Agreement) at Neb. Rev. Stat. § 29-759 (Reissue 1995). See, *State v. Reed*, 266 Neb. 641, 668 N.W.2d 245 (2003); *Wickline v. Gunter*, 233 Neb. 878, 448 N.W.2d 584 (1989); *State v. Reynolds*, 218 Neb. 753, 359 N.W.2d 93 (1984). See, also, 18 U.S.C. app. §§ 1 and 2 (2000). Although the Agreement does not define "detainer," we have stated that a detainer is a notification filed with the institution in which an individual is serving a sentence, advising the prisoner that he or she is wanted to face criminal charges pending in another jurisdiction. *Reed, supra.* In order to avoid prolonged interference with rehabilitation programs, the Agreement provides the procedure whereby persons who are imprisoned in one state or by the United States, and who are also charged with crimes in another state or by the United States, can be tried expeditiously for the pending charges while they are serving their current sentences. *Reed, supra.*

The Agreement has separate speedy trial provisions depending upon whether its procedures are initiated by the prisoner or authorities in the jurisdiction where the charge is pending. See *id.* Article III of the Agreement prescribes the procedure by which a prisoner against whom a detainer has been lodged may demand a speedy disposition of outstanding charges. *Reed, supra.* Upon receipt of a prisoner's proper request for disposition under article III, authorities in the state where a charge is pending must bring the prisoner to trial within 180 days. *Reed, supra.*

"[F]or a prisoner's demand for disposition of charges to trigger the 180-day period, it must be made in the manner therein required." *Reynolds*, 218 Neb. at 758, 359 N.W.2d at 97. The 180-day trial limitation under article III(a) of the Agreement begins to run on the day the request is received by the prosecutor and court of jurisdiction. *Reed, supra*, citing *Fex v. Michigan*, 507 U.S. 43, 113 S. Ct. 1085, 122 L. Ed. 2d 406 (1993).

In determining the deadline for trial, article III(a) allows the court with jurisdiction to "grant any necessary or reasonable continuance" for good cause shown in open court, with the prisoner or counsel present. In addition, article VI(a) of the Agreement allows the court with jurisdiction to determine

whether the expiration of the 180-day time period pursuant to article III is tolled because "the prisoner is unable to stand trial." If the appropriate authority of the receiving state refuses to accept temporary custody or if an action is not brought to trial within the time periods authorized by articles III and IV, the action shall be dismissed with prejudice. *Reed, supra,* citing § 29-759, art. V(c). With this statutory scheme as a backdrop, we turn to the facts of this appeal.

## FACTUAL BACKGROUND

On July 10, 1995, the State filed a complaint charging Rieger with a robbery in Omaha, Nebraska. On May 31, 1996, while Rieger was incarcerated at the federal penitentiary in Leavenworth, Kansas, the State lodged a detainer against him. On July 23, federal officials at Leavenworth sent by certified mail Rieger's notice of his place of imprisonment, inmate status certificate, and request for disposition of the robbery charge to the Douglas County Attorney and the Douglas County District Court. Return receipts were signed on July 29, showing the documents were received by the prosecutor and the clerk's office.

After Rieger was bound over to the Douglas County District Court, an information was filed on September 26, 1996, charging him with robbery. Rieger filed a plea in abatement on October 1, which was overruled on April 3, 1997. On May 7, at Rieger's request, his attorney, Jeffrey Thomas, filed a motion to withdraw. At the hearing on May 12, the court granted Thomas' motion to withdraw due to a conflict of interest. The court then set trial for August 25. Neither Rieger nor Thomas objected to the trial date. The court next stated that it intended to appoint James Regan to represent Rieger and that the trial would be moved up to an earlier date if possible. Regan was appointed on the same day, May 12, after which time, the trial date was moved up to August 18.

On August 5, 1997, Regan, on behalf of Rieger, filed a motion to discharge. At the August 18 hearing on Rieger's motion to discharge, the trial court overruled Rieger's motion, stating from the bench:

> I don't remember the exact reason, but, in any case, I guess it was a conflict or whatever, but . . . Thomas had to withdraw and we appointed counsel immediately. And I think,

in fairness to counsel, there would had [sic] to have been some delay, [sic] I don't say it was initiated necessarily by . . . Regan, but I know that we were ready to go to trial and the Court was ready to go to trial . . . .

. . . I think that good cause has been shown, that this case has been moved along, and any delays have been those of the defendant rather than the State.

The case proceeded to trial on the same day as the hearing, August 18, and the jury convicted Rieger of robbery.

Rieger appealed the denial of his motion to discharge to the Court of Appeals. In a memorandum opinion filed on May 15, 1998, the Court of Appeals affirmed the district court's judgment based upon the absence of an inmate status certificate in the record to support Rieger's motion to discharge. This certificate is a necessary component of a proper request for disposition under § 29-759, article III(a). Thus, the Court of Appeals concluded that Rieger had failed to trigger the running of the 180-day time limitation. *State v. Rieger*, 13 Neb. App. 444, 695 N.W.2d 678 (2005) (discussing its earlier memorandum opinion).

In Rieger's motion for postconviction relief, he alleged that Regan provided ineffective assistance of counsel in failing to offer the inmate status certificate as part of Rieger's motion to discharge, thereby "supporting the assumption that the defendant had not met his burden of proof as required under State v. Reynolds." The district court granted Rieger's motions for appointment of postconviction counsel and for an evidentiary hearing.

At the evidentiary hearing, Regan testified that although he possessed the inmate status certificate when he filed the motion to discharge, he did not offer it into evidence because he believed the only issue was the computation of the trial limitation period, not whether a proper request for disposition had been made. Regan further testified that he had never requested a continuance.

After the evidentiary hearing, the postconviction court found that Rieger had waived his right to a dismissal by acquiescing to a trial date set beyond the 180-day time limitation, relying on *New York v. Hill*, 528 U.S. 110, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000) (holding that defense counsel could waive defendant's

right to be brought to trial within 180-day time limitation of article III(a) by agreeing to trial date outside that time period, even without express consent of defendant). The postconviction court also concluded that, even without the waiver, the State had provided evidence to support a good cause delay under article III(a) of the Agreement because the defense was not ready to proceed in May. It therefore determined that the period from May 12, 1997, when Rieger's counsel was allowed to withdraw, to August 18, the date trial began, was excludable. Rieger appealed to the Court of Appeals.

The Court of Appeals affirmed, but for reasons different from those of the postconviction court. *Rieger, supra.* Although acknowledging that the record now demonstrated Rieger had properly triggered the 180-day period, it nonetheless concluded that Rieger was not prejudiced by his counsel's failure to offer the inmate status certificate. In so determining, the Court of Appeals rejected the postconviction court's reasoning that Rieger had waived his right to have trial within the 180-day period by failing to object to the later trial date, noting that before Thomas was allowed to withdraw, the record showed Thomas had said nothing that could be construed as a waiver of Rieger's speedy trial rights. The Court of Appeals further determined that the postconviction court's finding of a waiver was also improper to the extent it was based on Rieger's silence after Thomas withdrew. *Id.*, citing *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978) (holding that defendant's failure to object when court sets date for trial after 6-month speedy period does not constitute waiver of speedy trial rights), *overruled on other grounds, State v. Petty*, 269 Neb. 205, 691 N.W.2d 101 (2005).

■ In concluding Rieger suffered no prejudice, however, the Court of Appeals began its analysis by determining that because article VI(a) provides that the court with jurisdiction determines the "tolling" periods, Nebraska's speedy trial jurisprudence should apply to determine when the count begins or is tolled. The Court of Appeals therefore calculated the expiration of the 180-day time limitation by applying the 6-month rule applicable to Nebraska's speedy trial statute, Neb. Rev. Stat. § 29-1207 (Reissue 1995). Speedy trial time under § 29-1207

is calculated by excluding the date the information was filed, counting forward 6 calendar months, backing up 1 day, and then adding the excludable time periods to that date. See, *State v. Steele*, 261 Neb. 541, 624 N.W.2d 1 (2001); *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981). See, also, *State v. Hayes*, 10 Neb. App. 833, 639 N.W.2d 418 (2002).

Applying Nebraska's 6-month speedy trial rule, the Court of Appeals determined that the count began on July 30, 1996, 1 day after Rieger's disposition request was received. It thereafter calculated an initial trial date of January 29, 1997, by counting forward 6 months and backing up 1 day. The Court of Appeals then extended that date by 189 days of excludable time: It attributed 184 days for the time that Rieger's plea in abatement was pending and 5 days for the time that Thomas' motion to withdraw was pending. The Court of Appeals declined to attribute additional time to the motion to withdraw, reasoning that because the trial date had been set over 3 months in the future, Regan had sufficient time to prepare for trial.

Adding 189 excludable days to the initial trial date of January 29, 1997, produced a trial deadline of August 6, which the Court of Appeals observed "had not yet run when the motion to discharge was filed on August 5." *State v. Rieger*, 13 Neb. App. 444, 455, 695 N.W.2d 678, 688 (2005). Treating the motion to discharge as yet another pretrial delay attributable to Rieger, the Court of Appeals then added the time that this motion was pending until August 18, or 13 days. Adding 13 days to August 6 produced a final trial deadline, according to the Court of Appeals' calculations, of August 19. Because trial began on August 18, the Court of Appeals affirmed, finding that Rieger was not prejudiced by Regan's failure to offer the inmate status certificate. We granted Rieger's petition for further review.

## ASSIGNMENTS OF ERROR

Rieger assigns, restated, that the Court of Appeals erred in (1) calculating the expiration of the time period for trial by applying the 6-month speedy trial rule under § 29-1207, "as opposed to the 180-day rule" under article III(a) of the Agreement, and (2) finding that the motion to withdraw tolled the running of the 180-day time period by 5 days.

## STANDARD OF REVIEW

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005).

■ In a ruling on a motion to dismiss with prejudice based on alleged violations of the Agreement, a trial court's pretrial factual findings regarding the application of provisions of the Agreement will not be disturbed on appeal unless clearly wrong. *State v. Reed*, 266 Neb. 641, 668 N.W.2d 245 (2003), citing *State v. Williams*, 253 Neb. 619, 573 N.W.2d 106 (1997).

■ To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Washington*, 269 Neb. 728, 695 N.W.2d 438 (2005).

## ANALYSIS

Rieger contends that under the Agreement, a court must count forward 180 days from the triggering date, and that Nebraska's 6-month rule produces a different trial date. Rieger argues that if the Court of Appeals had counted forward 180 days from the date his request for disposition was received, instead of applying the 6-month speedy trial rule under § 29-1207, his motion for discharge would have been timely.

The State has not filed a brief in response to Rieger's petition for further review. Finding no plain error in the Court of Appeals' determinations of excludable time periods, or its determination that Rieger did not waive his right to trial within 180 days, we limit our review of the Court of Appeals' decision to Rieger's assignments of error. Compare *State v. Dreimanis*, 258 Neb. 239, 603 N.W.2d 17 (1999) (absent plain error, Nebraska Supreme Court's review on petition for further review is restricted to matters assigned and argued in briefs).

Counting forward 180 days from July 29, 1996, the date the State received Rieger's request for disposition, produces an initial trial date of January 25, 1997. Counting forward 6 months from July 30, 1996, and backing up 1 day, pursuant to the 6-month speedy trial rule, produces an initial trial date of January 29,

1997. This 4-day difference in initial trial dates is crucial in determining whether Rieger was timely tried. As noted, the Court of Appeals relied on article VI of the Agreement to conclude that Nebraska's 6-month speedy trial rule should be applied to determine the expiration of the 180-day time limitation for trial. Thus, the issue presented is whether the language of the Agreement supports that interpretation.

In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State v. Aguilar*, 268 Neb. 411, 683 N.W.2d 349 (2004). Article III(a) of the Agreement provides that a prisoner "shall be brought to trial within *one hundred eighty days*" after the prosecutor and court with jurisdiction receive the prisoner's proper request for disposition of untried charges. (Emphasis supplied.) Article VI(a) then provides:

> In determining the duration and expiration dates of the time periods provided in Articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.

Although article VI(a) allows the court with jurisdiction to determine whether the 180-day time period in article III has been tolled, it does not authorize a court to alter the time period from days to months. The plain language of article III(a) requires the receiving state to bring a prisoner to trial within *180 days* of receiving the prisoner's proper request for final disposition. In contrast, § 29-1207 requires the State to bring a defendant to trial within *6 months*. Compare *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981) (rejecting as contrary to plain language of § 29-1207 defendant's contention that Nebraska's 6-month speedy trial rule should be calculated by counting forward 180 days plus any excludable days).

Applying Nebraska's 6-month speedy trial rule to the 180-day time limit under the Agreement is also not supported by our case law. In *State v. Soule*, 221 Neb. 619, 623, 379 N.W.2d 762, 764 (1986), this court disagreed with the defendant's argument that the "law and decisions under the 'speedy trial' requirements" should apply to determine whether he was timely tried under the

180-day time limit of Nebraska's disposition of untried charges statutes. See Neb. Rev. Stat. §§ 29-3801 to 29-3809 (Reissue 1995). In response, we stated that "§§ 29-3801 et seq. are much more akin to Neb. Rev. Stat. §§ 29-729 to 29-765 (Reissue 1979), referring to interstate detainers," and set out "a different time-frame from that set out in Neb. Rev. Stat. § 29-1207(2)." 221 Neb. at 622-23, 379 N.W.2d at 764.

In *Soule*, we determined that in the absence of a continuance, the 180-day time limit under § 29-3805 would have expired on November 20, 1984, since the prisoner's request for disposition was received on May 24, 1984. That calculation was derived by counting forward 180 days from November 20, not by applying Nebraska's 6-month speedy trial rule. See, also, *Fex v. Michigan*, 507 U.S. 43, 46, 113 S. Ct. 1085, 122 L. Ed. 2d 406 (1993) (affirming Michigan Supreme Court's conclusion that prisoner's trial was timely under article III(a) when it "began on March 22, 1989, 177 days after his request was delivered to the Michigan officials" on September 26, 1988); *U.S. v. Johnson*, 953 F.2d 1167 (9th Cir. 1992) (concluding that prisoner stated valid claim under Interstate Detainers Act when request for final disposition was received on December 26, 1989, and trial did not begin until July 10, 1990, 196 days later).

■ We conclude that the Court of Appeals erred in applying Nebraska's 6-month speedy trial rule under § 29-1207 to determine whether Rieger was timely brought to trial. Counting forward 180 days from July 29, 1996, the initial trial date should have been January 25, 1997, not January 29. We now turn to the effect of the excludable days.

The Court of Appeals determined that 184 days were excludable for the time that Rieger's plea in abatement was pending and that 5 days were excludable for the time Thomas' motion to withdraw was pending. Adding the total excludable time period of 189 days to the initial trial date of January 25, 1997, results in a trial deadline of August 2, a Saturday. Rieger correctly contends that the trial deadline was therefore Monday, August 4. See Neb. Rev. Stat. § 25-2221 (Reissue 1995) (providing general rules for computing time). Thus, we conclude that the Court of Appeals erred in determining that "the time [for trial] had not yet run

when the motion to discharge was filed on August 5." *State v. Rieger*, 13 Neb. App. 444, 455, 695 N.W.2d 678, 688 (2005).

Rieger also assigns that the Court of Appeals erred in excluding any time due to Thomas' motion to withdraw. We find it unnecessary to reach this assignment of error because of our determination that Rieger was not timely tried even excluding the 5 days that the motion to withdraw was pending.

### INEFFECTIVE ASSISTANCE OF COUNSEL

█ To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Van*, 268 Neb. 814, 688 N.W.2d 600 (2004).

█ Our decision in *State v. Reynolds*, 218 Neb. 753, 359 N.W.2d 93 (1984), established the necessity of proving that a prisoner's request for disposition complied with article III(a) when seeking a discharge on speedy trial grounds under this article. See, also, *State v. Nearhood*, 2 Neb. App. 915, 518 N.W.2d 165 (1994) (holding that prisoner's failure to include inmate status certificate with request for disposition rendered request ineffective to trigger 180-day period). Thus, Regan's failure to present evidence showing the time limitation for trial under article III had been triggered was deficient. The Court of Appeals, however, determined Rieger could not show he was prejudiced by Regan's failure to present the certificate. As noted previously, such determination was based principally upon the application of Nebraska's 6-month speedy trial rule. Obviously, our determination that the Court of Appeals erred in applying that rule alters the analysis of whether Rieger was prejudiced by his counsel's deficient performance.

█ In a postconviction action, when a prisoner in custody under sentence alleges he or she was prejudiced by counsel's failure to properly assert the prisoner's speedy trial rights on appeal, the court must adjudicate the merits of the prisoner's speedy trial rights under *Strickland*. See *State v. Meers*, 267 Neb. 27, 671 N.W.2d 234 (2003) (reversing postconviction order granting new direct appeal when petitioner claimed that counsel

failed to timely appeal order denying discharge on speedy trial grounds; remanding with directions to determine whether speedy trial claim was meritorious and required discharge).

To prove prejudice for a claim of ineffective assistance of counsel, the defendant must show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005).

The failure of Regan to create a proper record for appeal from the denial of Rieger's motion to discharge resulted in the Court of Appeals' failure to consider when the time limitation for trial expired. As discussed, a calculation based on 180 days, as extended by the Court of Appeals' excludable time periods, results in a trial deadline of August 4, 1997, and Rieger's trial did not begin until August 18. Under article V(c), Rieger was entitled to an order dismissing the action with prejudice. Given our holding that Rieger's trial was not timely, we conclude that if Regan had shown the 180-day time limitation was triggered, a reasonable probability existed that an appeal or petition for further review from the denial of Rieger's motion to discharge would have resulted in a reversal.

## CONCLUSION

We conclude that the Court of Appeals erred in applying Nebraska's 6-month speedy trial rule to determine the expiration of the 180-day time limitation for trial under article III(a) of the Agreement. Counting forward 180 days and adding 189 excludable days, we determine Rieger's trial was not conducted within the time limitation specified in article III(a) of the Agreement. Thus, we determine the Court of Appeals' decision must be reversed and the cause remanded with directions to the Court of Appeals to remand the cause to the district court with instructions to vacate Rieger's conviction and enter an order for absolute discharge on speedy trial grounds pursuant to the Agreement.

REVERSED AND REMANDED WITH DIRECTIONS.