IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL

STATE V. CHAMBERLAIN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
TYLER J. CHAMBERLAIN, APPELLANT.

Filed December 30, 2014.    No. A-14-239.

Appeal from the District Court for Lancaster County: JODI NELSON, Judge. Affirmed.

Dennis R. Keefe, Lancaster County Public Defender, and Shawn Elliott for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

BISHOP, Judge.

Tyler J. Chamberlain appeals from the order of the Lancaster County District Court denying his motion for absolute discharge pursuant to Nebraska's speedy trial statutes, Neb. Rev. Stat. §§ 29-1205 through 29-1209 (Reissue 2008 & Cum. Supp. 2014). The district court determined that Chamberlain's right to a speedy trial was governed by Neb. Rev. Stat. §§ 29-3801 through 29-3809 (Reissue 2008), and not by § 29-1205 et seq., and overruled the motion to discharge. We affirm.

### PROCEDURAL BACKGROUND

On December 28, 2012, Chamberlain was charged by information in the Lancaster County District Court with one count of first degree sexual assault, a Class II felony. Chamberlain filed a written waiver of appearance and a not guilty plea.

Chamberlain filed discovery motions on January 8, 2013, which were granted on January 22. The case was called for hearing on March 6. Chamberlain appeared in person and requested a continuance from the April jury term to the jury term commencing on June 3. He waived his right to a speedy trial from March 6 to June 3, and the court accepted his waiver. Chamberlain was ordered to appear at a docket call on May 15.

- 1 -

The State filed a "Motion to Amend Information" on April 18, 2013, which was set for hearing on May 6. Chamberlain did not appear at that hearing, and the court was advised by Chamberlain's counsel that Chamberlain was incarcerated in Hall County. Because Chamberlain had not been ordered to appear at that hearing, the court did not issue a warrant for his arrest. However, the court reiterated that Chamberlain was ordered to appear for the docket call scheduled for May 15.

On May 15, 2013, Chamberlain again failed to appear and his counsel advised the court that Chamberlain was still in the custody of Hall County on two pending felony matters. A bench warrant was issued for Chamberlain's arrest.

Chamberlain had been arrested in Grand Island on April 29, 2013, and on July 23, he was convicted in Hall County of one count of robbery. He was sentenced on September 9 to 10 to 12 years' imprisonment. Chamberlain was received into the custody of the Nebraska Department of Correctional Services when he was transported to the Diagnostic and Evaluation Center on September 13.

A fax dated September 16, 2013, was sent from the Lancaster County sheriff's office to the Department of Correctional Servies, asking that the May 16 bench warrant act as a detainer. A letter from the Department of Correctional Services dated September 17, 2013, confirmed that the detainer had been filed against Chamberlain on the untried charge of first degree sexual assault in Lancaster County.

On October 8, 2013, Chamberlain met with an employee from the Department of Correctional Services in regard to the disposition of the untried charge. Chamberlain signed a request for disposition of untried charges pursuant to §§ 29-3801 through 29-3809. The Lancaster County Attorney's office was notified of that request by letter and certificate of inmate status from the Department of Correctional Services, which was dated October 8, 2013, and filed in the district court on October 10.

Chamberlain appeared before the district court for a pretrial hearing on November 13, 2013. The State was allowed to amend the information to include habitual criminal enhancement on the charge of first degree sexual assault and to add one count of third degree assault. Chamberlain advised the court that he was withdrawing his request for disposition of untried charges and reasserting his right to a speedy trial pursuant to §§ 29-1205 and 29-1207.

On November 26, 2013, Chamberlain filed a motion for absolute discharge pursuant to § 29-1205 et seq. A hearing on the motion was held the same day. In an order filed March 3, 2014, the district court found that because Chamberlain was in the custody of the Department of Correctional Services at the time he filed his motion for discharge, the provisions of §§ 29-3801 through 29-3809 were applicable to the motion. The court further noted that it found "no authority to support a finding that the defendant gets to choose which statutory provisions apply." The court concluded that the 180-day period for disposition of untried charges pursuant to § 29-3804 began to run on October 10, 2013, but "was tolled upon [Chamberlain's] filing of the motion for discharge on November 13, 2013," leaving "146 days remaining to bring [Chamberlain] to trial in this case."

## ASSIGNMENT OF ERROR

Chamberlain assigns as error that the district court erred by concluding that he did not have a right to a speedy trial pursuant to § 29-1207 and failing to find that he was entitled to absolute discharge, since his rights under that statute had been violated.

## STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Rieger*, 270 Neb. 904, 708 N.W.2d 630 (2006).

## ANALYSIS

Chamberlain argues on appeal that his right to a speedy trial pursuant to § 29-1207 was violated when he was not brought to trial by October 9, 2013. Chamberlain states that since the information was filed on December 28, 2012, the original deadline for trial was June 28, 2013. Chamberlain concedes two excludable time periods: 14 days for a discovery motion filed by Chamberlain and 89 days between March 6 and June 3, 2013, for which he waived his right to a speedy trial. Chamberlain contends that the State failed to prove that his absence in court as a result of his incarceration in Hall County and the Department of Correctional Services created an excludable time period under § 29-1207(4), and that without such an exclusion, Chamberlain had to be tried by October 9, 2013. Chamberlain filed his motion for discharge on November 26. As such, Chamberlain claims he is entitled to absolute discharge.

Chamberlain argues that the district court erred in relying on *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000), to find that his demand for a speedy trial was governed by Nebraska's disposition of untried charges statutes found at §§ 29-3801 through 29-3809. Chamberlain asserts his right to a speedy trial should be governed by §§ 29-1205 and 29-1207. We agree with the district court that *Tucker* controls the speedy trial issue in this case.

In *Tucker, supra*, William D. Tucker alleged that the State failed to bring him to trial within 6 months in violation of §§ 29-1207 and 29-1208 and the state and federal Constitutions. An information was filed against Tucker in the Lancaster County District Court on February 6, 1998, charging him with three controlled substance offenses. On February 11, Tucker appeared for arraignment, entered not guilty pleas to all three charges, and was released on bond. On May 21, he was arrested on narcotics charges in Jefferson County, Nebraska. Tucker was arraigned on the Jefferson County charges on June 1 and released on bond on June 8, but on June 15, he was arrested again in Jefferson County and remained in custody there while awaiting disposition of the charges. On October 20, he was convicted in Jefferson County of two counts of possession of a controlled substance, and later sentenced to two consecutive 20- to 24-month terms in the custody of the Department of Correctional Services.

While incarcerated in Jefferson County, Tucker had failed to appear for docket calls in Lancaster County. A bench warrant was issued on August 11, and on August 24, Tucker's attorney advised the prosecuting attorney in Lancaster County of Tucker's arrest and pending

charges in Jefferson County. On March 2, 1999, Tucker filed a motion to dismiss on speedy trial grounds, alleging that the State had failed to bring him to trial within 6 months in violation of §§ 29-1207 and 29-1208.

The *Tucker* court found that the threshold issue was whether Tucker's right to a speedy trial was governed by the speedy trial provisions of §§ 29-1201 to 29-1209 or by the provisions of §§ 29-3801 to 29-3809, "by which a Nebraska prison inmate may assert his or her right to a speedy trial on pending Nebraska charges." *Id.* at 229, 609 N.W.2d at 310. The court noted that it had previously found in *State v. Ebert*, 235 Neb. 330, 455 N.W.2d 165 (1990), and *State v. Soule*, 221 Neb. 619, 379 N.W.2d 762 (1986), that the provisions of §§ 29-3801 to 29-3809, rather than §§ 29-1201 to 29-1209, applied to instate prisoners. The court found that upon the rendition of his sentence in Jefferson County, Tucker had become a "committed offender" within the meaning of the Nebraska Treatment and Corrections Act and that the State had become legally responsible for the cost of his incarceration. The court concluded that because Tucker was in the custody of the Department of Correctional Services at the time he filed his motion for discharge, his statutory speedy trial rights were governed by §§ 29-3801 to 29-3809. *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000). The *Tucker* court further concluded that the record did not reflect that either Tucker or the prosecutor had submitted a request or otherwise initiated the procedure set forth in § 29-3803 or § 29-3804, nor that a certificate was ever issued by the Director of Correctional Services. The court stated that the prosecutor's receipt of the statutorily required certificate from the Director of Correctional Services pursuant to § 29-3803 or § 29-3804 triggers the 180-day period for disposition of untried charges prescribed by § 29-3805. *Id.* Therefore, the court concluded the 180-day period set forth in § 29-3805 was never triggered and Tucker's statutory speedy trial claim was without merit. *Id.*

In the instant case, the district court correctly concluded that the 180-day period set forth in § 29-3805 was triggered on October 10, 2013, when Chamberlain's request for disposition of untried charges was filed with the district court. However, Chamberlain argues that the facts and circumstances of *Tucker* are distinguishable from his case and that *Tucker* "does not mandate" the outcome in his case. Brief for appellant at 13. Chamberlain argues that "[t]his Court should not read the holding in [*Tucker*] as establishing a hard and fast rule than any defendant imprisoned at [the] Department of Corrections loses his right to a speedy trial under § 29-1207 merely by virtue of the fact that he is so imprisoned." Brief for appellant at 15. However, we find the facts and circumstances in *Tucker* to be very similar to those underlying the present appeal and agree with the district court that *Tucker* controls the outcome.

As noted earlier, Chamberlain failed to appear for proceedings in Lancaster County because he committed a new offense in Hall County for which he was arrested, convicted, and sentenced. Like Tucker, Chamberlain became a "committed offender" upon rendition of his sentence. He was in the custody of the Department of Correctional Services at the time he filed a request for disposition of untried charges pursuant to §§ 29-3801 through 29-3809, and he was in the custody of the Department of Correctional Services when he filed his motion for discharge.

Despite the similarities between this case and *Tucker*, Chamberlain argues that the reasoning in *State v. Steele*, 261 Neb. 541, 624 N.W.2d 1 (2001), should govern the outcome of this case. In *Steele*, David C. Steele was charged with felony criminal mischief in the Lancaster County District Court on April 16, 1999, and released on bond. On May 20, the Lancaster

County Attorney filed a fugitive complaint against Steele, alleging that he was wanted in Colorado. Steele was taken into custody, waived extradition, and was returned to Colorado pursuant to the Uniform Criminal Extradition Act. Lancaster County did not lodge a detainer against Steele at the time. When Steele's case came up for docket call on July 13, the district court granted the State's motion to issue a bench warrant against Steele so that he could be extradited back to Nebraska. On August 5, a bench warrant was issued, and on September 9, Lancaster County lodged a detainer against Steele in Colorado. On November 2, Steele waived extradition and was picked up by the Lancaster County Sheriff's Department on or about November 29. Steele filed a motion to discharge on December 2, based on speedy trial grounds.

On appeal, the State argued that the Agreement on Detainers, Neb. Rev. Stat. § 29-759 (Reissue 2008), should apply to Steele's claim. However, the Nebraska Supreme Court agreed with Steele's contention that the provisions of §§ 29-1205 to 29-1209 governed his right to a speedy trial. The court held that once Nebraska's speedy trial statutes were triggered by the filing of an information or indictment, the statutory right to a speedy trial "of a defendant under the control of prosecuting authorities who knowingly extradite him or her to another state or to federal authorities is governed by § 29-1207, not the Agreement." *Steele*, 261 Neb. at 549, 624 N.W.2d at 7.

In so holding, the court recognized the significant distinction between § 29-759 and the statutory scheme of §§ 29-3801 through 29-3809, at issue in *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000). The *Steele* court noted that the speedy trial provisions of § 29-759 apply only when a detainer has been lodged against a prisoner imprisoned in a party state. While Tucker was free to request a speedy disposition of charges under § 29-3803 without the filing of a detainer against him, Steele could not have triggered the speedy trial provisions of § 29-759 until the State lodged the detainer against him on September 9, 1999. The court in *Steele* further noted that Tucker, the defendant in *Tucker*, had been arrested in another county when he was free on bond, whereas in *Steele*, Lancaster County had voluntarily relinquished custody of Steele in delivering him to authorities from Colorado under the Unifrom Criminal Extradition Act.

In the instant case, as in *Tucker, supra*, Chamberlain was free to request a speedy disposition of the Lancaster County charges pursuant to § 29-3803 without the filing of a detainer against him. Unlike Steele, he was not voluntarily relinquished to another jurisdiction, but was taken into custody by Hall County because he committed an additional crime in that jurisdiction for which he was arrested.

Chamberlain argues that his "constant presence in Hall County was not necessary for that particular case to be prosecuted," and suggests that Lancaster County could have obtained his presence for proceedings there. Brief of appellant at 20. In *Tucker*, a similar argument was made by Tucker that Lancaster County authorities were aware of his incarceration and "should have taken steps to secure his presence for trial." *Id.* at 232, 609 N.W.2d at 312. The court found that this argument ignored the fact that "such action could have affected his availability for pretrial proceedings and trial on the Jefferson County charges, resulting in the delay of their disposition." *Id*. Although this conclusion was reached in the context of a constitutional speedy trial analysis, we find the *Tucker* court's reasoning equally applicable here.

Chamberlain became unavailable for trial in Lancaster County upon his arrest in Hall County, as evidenced by his failure to appear as ordered by the Lancaster County District Court.

See, § 29-1207(4)(d) (in computing time for trial, period of delay resulting from absence or unavailability of defendant is excluded). We further note that pursuant to § 29-1207(4)(a), "the time consumed in the trial of other charges against the defendant" is also specifically excluded in computing the time for trial. The time period to bring Chamberlain to trial was continuously tolled upon his failure to appear in Lancaster County on May 15, 2013. Therefore, upon his imprisonment by the Department of Correctional Services, and upon the filing of his request for disposition of untried charges on October 10, it was the statutory scheme of §§ 29-3801 through 29-3809 which governed his right to a speedy trial. Chamberlain does not argue that his speedy trial rights were violated when calculated pursuant to §§ 29-3801 through 28-3809; rather, he argues only that his speedy trial rights should have been evaluated pursuant to § 29-1205 et seq. Having concluded that the district court correctly applied § 29-3801 et seq. for speedy trial purposes, we find no error in the district court's denial of Chamberlain's motion for discharge.

As a final matter, we note the district court correctly concluded that the 180-day requirement under § 29-3805 was triggered on October 10, 2013, when the Department of Correctional Services' letter and certificate of inmate status was filed with the Lancaster County District Court. The district court then concluded, however, that the 180-day period was tolled upon Chamberlain's filing of the "motion to discharge on November 13." Our record reflects that the November 13 filing was a document entitled "Notice," wherein Chamberlain withdrew his request for disposition of untried charges and "reassert[ed] his right to a speedy trial pursuant to Neb. Rev. Stat. § 29-1205; § 29-1207." Chamberlain filed his "Motion to Discharge" on November 26, claiming that his right to a speedy trial had been denied pursuant to § 29-1205 et seq. and under the state and federal Constitutions.

It appears the district court determined that Chamberlain's November 13, 2013, "Notice" to the court that he was withdrawing his request for disposition of untried charges had no impact on the 180-day period already triggered on October 10, other than the court treating that November 13 filing as a motion to discharge which tolled the further running of the 180 days. Neither party challenges this conclusion by the district court; therefore, we address it only if there is plain error, in other words, if a litigant's substantial right is prejudicially affected and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. See *State v. Kays*, 289 Neb. 260, 854 N.W.2d 783 (2014) (appellate court ordinarily considers only those errors assigned and discussed in briefs, but may, at its option, notice plain error). We conclude the district court's determination as discussed above does not rise to the level of plain error; accordingly, we note it only for the sake of completeness in our review of the record.

## CONCLUSION

The district court correctly found that the provisions of §§ 29-3801 through 29-3809 were applicable to Chamberlain's motion for absolute discharge. The order denying absolute discharge is affirmed.

AFFIRMED.